THOMAS M. LEAGUE, PLAINTIFF IN ERROR, *v.* CYRUS W. EGERY, JOSEPH F. SMITH, AND SARAH A. SMITH, ADMINISTRATRIX.

By the colonization laws of Mexico passed in 1824 and 1828, the consent of the federal Executive of Mexico was essential to the validity of a grant of lands within ten leagues of the coast.

The Supreme Court of Texas has repeatedly so decided, and this court adopts their decision.

THIS case was brought up by writ of error from the District Court of the United States for the eastern district of Texas.

The case is stated in the opinion of the court.

It was argued by *Mr. Hughes* for the plaintiff in error, and *Mr. Phillips* for the defendants.

*Mr. Hughes* tried to avoid the effect of the case of Smith *v.* Power, 14 Texas, 147, which decided that the grant was within

the littoral leagues, and therefore void, by referring to a statute of Texas, (Hartley's Digest, article 3, p. 221,) by virtue of which the record of that case could not have been maintained if it had been pleaded in bar in the present case.

The arguments upon the merits of the case are omitted.

Mr. Justice CAMPBELL delivered the opinion of the court.

The plaintiff sued in the District Court for a parcel of land containing two and one-half leagues in the county of Refugio, in the State of Texas. The answer and amended answer of the defendants contain some twenty pleas, and a number of questions are presented by the record; but as the decision of the cause will be complete by the opinion the court have formed of the original grant from the State of Coahuila and Texas, from which the claim of the plaintiff is derived, and on which it depends, a statement of that grant will be sufficient. In the year 1826, Power and Hewetson proposed to the Government of Mexico to establish a colony on the seacoast of Texas, within what is termed in their law of colonization the littoral leagues. This proposal was accepted, and the partners entered upon the fulfillment of that enterprise. In December, 1829, they respectively applied to the Governor of the State of Coahuila and Texas for the purchase of eleven leagues of land each, within the limits of the colony. This offer was accepted; the petitioners were authorized to locate their grant upon any lands in the colony that were vacant, or elsewhere, if there was not a sufficiency of vacant land for that purpose; and the general commissioner of the colony was directed to deliver possession of the land selected, and to perfect the corresponding titles. In November, 1834, Power represented to this general commissioner that the partners had selected only seventeen and one-quarter leagues, and requested him to issue grants for two tracts, one containing two and a half leagues, and the other, two and one-quarter leagues, to complete this contract, at a place designated. This request of the petitioner was complied with, and one of these grants is that which was introduced to support the plaintiff's title, and with which he connected himself by mesne conveyances.

The location is within the littoral or coast leagues described in the fourth sections of the colonization laws of Mexico, of 1824 and 1828.

The litigation between the grantees and their assigns and the defendants for this land has been protracted in the courts of Texas, and the opinion of the Supreme Court of that State has been very definitely expressed upon the validity of their titles on two several occasions.

Smith *v.* Power, 14 Tex. R., 146.

Smith *v.* Power, 23 Tex. R., 29.

In the latter case the Supreme Court said : " No question is more authoritatively settled by the repeated decisions of this court, than that the consent of the federal Executive of Mexico was essential to the validity of a grant of lands of the character of the present within the border and coast leagues. Edwards *v.* Davis, 3 Tex. R., 321 ; 10 Id., 316 ; Republic *v.* Thorn, 3 Id., 499 ; 5 Id., 410 ; 9 Id., 410, 556. In the case of Smith *v.* Power, (14 Texas R.,) the parties to this appeal, it was held, that the grant here in question, under which the defendant claims, could not be distinguished from those which had been passed upon in former cases ; and upon the authority of those cases, it was decided, that the grant wanting such consent was void. That question, therefore, cannot be considered as now an open one. A series of decisions continued almost from the organization of this court down to the present time, thus settling the construction of the old local law, upon which the titles to real property in the oldest and most densely peopled portions of the State so largely depend, must be regarded as emphatically the law of the State." In accordance with well-established principles in this court, we accept this uniform and stable body of judicial decision from the court of last resort of the State in which the property is situated, and in which the transactions that form the subject of this litigation took place, as conclusive testimony of the rule of action prescribed by the authorities of the State, as applicable to their interpretation and adjustment. We do not inquire whether a more suitable rule might not have been adopted, nor whether the arguments which led to its adoption were forcible or just. We receive

the decisions having the character that are mentioned in the extract we have made from the opinion of the Supreme Court of Texas as having a binding force almost equivalent to positive law.   Such being our conclusion in respect to this grant, we must sanction the judgment of the District Court that denies to it validity.

Judgment affirmed.