## Ex parte Schwab.

1. A *mandamus* cannot be used to perform the office of an appeal or a writ of error.

2. Where a suit was brought in the Circuit Court by assignees in bankruptcy, praying that a transfer of personal property by the bankrupt to A. be decreed to be fraudulent, that their title thereto be declared to be perfect, and that A. be enjoined from prosecuting an action therefor then pending in a State court, and the Circuit Court, after due notice, awarded a preliminary injunction, and an order is asked here for a *mandamus* commanding the judge who granted the injunction to set it aside, — *Held*, that the Circuit Court having jurisdiction of the suit, an error, if one was committed, can only be reviewed here after a final decree shall have been passed in that court.

MOTION for an order to show cause why a *mandamus* shall not be issued.

The facts are stated in the opinion of the court.

*Mr. Matt. H. Carpenter* and *Mr. Don M. Dickinson* in support of the motion.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Certain creditors of Scott & Feibish, of Detroit, instituted proceedings in bankruptcy, March 14, 1878, against the debtors in the District Court of the United States for the Eastern District of Michigan, and at the same time obtained a provisional order for the seizure of certain goods which, it was alleged, had been disposed of in fraud of the bankrupt law. This order was placed in the hands of Salmon S. Matthews, marshal of the district, and he, on the 29th of March, took into his possession, as the property of the bankrupts, the goods claimed by Schwab, the petitioner herein. On the 13th of April, Scott & Feibish were in due form adjudicated bankrupts.

April 27, Schwab sued Matthews, the marshal, and Mabley, Michaels, Rothschild, and Hayes, four of the creditors of Scott & Feibish, in the Superior Court of the city of Detroit, for the value of the goods seized. May 6, Joseph L. Hudson was duly elected and appointed assignee in bankruptcy of Scott & Feibish, and the goods in question were thereupon turned over to him by the marshal. Since then the goods have been sold by the

order of the bankrupt court, and the proceeds of sale remain in the hands of the assignee to be applied as part of the estate of the bankrupts, if it shall appear that the title to the goods was in the assignee at the time of the sale.

October 5, Hudson, the assignee, Matthews, the marshal, and the four creditors, defendants in the suit in the State court, filed a bill in equity against Schwab in the Circuit Court for the Eastern District of Michigan, wherein they pray that the sale and transfer of the goods to Schwab " may be set aside and held for naught, and decreed to be in violation of the Bankrupt Act, and that said goods and chattels may be decreed to be a part of the estate of Scott & Feibish, and that the title of said Joseph L. Hudson, said assignee, to said goods, or to the funds arising therefrom, may be quieted and decreed to be perfect." It is also further prayed that Schwab and his attorneys be enjoined " from further prosecution of said suit so pending in the Superior Court of Detroit, or from the prosecution of any other or further suit in regard to the seizure of said goods, save in this [the circuit] court or in the bankruptcy court."

A preliminary injunction, after notice, was granted by the judge of the District Court for the Eastern District of Michigan, November 12, and Schwab now asks for an order on the judge to show cause here why a *mandamus* should not issue commanding and enjoining him to vacate and set aside such injunction.

*Mandamus* cannot be used to perform the office of an appeal or a writ of error. *Ex parte Loring,* 94 U. S. 418; *Ex parte Flippin,* id. 350. The Circuit Court had jurisdiction of the action and of the parties, for the purpose of trying the title of the assignee to the goods. The injunction was granted in the course of the administration of the cause. Injunctions may be granted by the courts of the United States to stay proceedings in the courts of a State, " in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." Rev. Stat., sect. 720. When the application was made for the allowance of the injunction, it became the duty of the court to determine whether the case was one in which that power could be exercised. The question arose in the regular progress of the cause, and, if decided wrong, an error

was committed, which, like other errors, may be corrected on appeal after final decree below.

The case is entirely different from what it would have been if the only object of the suit had been to enjoin Schwab from proceeding in the State court. There the question would have been as to the jurisdiction of the Circuit Court over the cause. But here is clearly jurisdiction of the cause. The assignee in bankruptcy had the undoubted right to sue Schwab in the Circuit Court to settle the title to the goods or the fund arising from their sale. The injunction was a mere incident to the principal relief he asked. Even if not granted, the suit could go on.

Being satisfied, by the petitioner's own showing, that the error, if any, in the court below cannot be corrected by *mandamus*, we deny the motion for an order to show cause.

*Motion denied.*