*In re* HAWKINS, Petitioner.

ORIGINAL.

No number. Submitted January 23, 1893. — Decided January 30, 1893.

This court cannot, by mandamus, review the judicial action of a Circuit Court of Appeals in refusing to receive further proofs offered by an appellant, in an admiralty cause pending in that court on appeal.

THE petitioner libelled the yacht Lurline and claimant in the District Court of the United States, for the Eastern District of New York, to enforce a state law lien under a maritime contract for repairs. Judgment having been rendered in favor of the petitioner, the claimant appealed to the Circuit Court of Appeals for the Second Circuit. Upon the filing of the briefs of counsel, it appeared that the claimant proposed to contend that the value of the work and materials furnished by the libellant under the contract had not been proved. Thereupon libellant's proctor gave notice to take testimony on these points and did take such testimony. The counsel for claimant moved to suppress these depositions, which motion was granted and the following opinion filed:

*Per Curiam.* Motion granted, for the reason that the testimony taken on deposition in this court was available to libel-

lant on the trial in the District Court, witness and books being both present there; that it does not appear he was prevented from presenting such testimony except by his own choice; that he was as well informed as to its materiality under the issues when he closed his case as he is now, and was expressly notified by respondent's motion to dismiss, that the latter contended libellant's proof as to the amount of labor performed was insufficient.

Thereupon application was made here for leave to file a petition for a writ of mandamus to the Circuit Court of Appeals, directing the judges to receive the depositions, and to give them the consideration which in law they were entitled to receive, according to the practice of courts of admiralty.

*Mr. George A. Black*, for the petitioner, contended that the act of the Circuit Court of Appeals and of the Judges thereof in suppressing the depositions was unlawful in that, by the decisions of this court in *The Lucille*, 19 Wall. 73, *The Charles Morgan*, 115 U. S. 70, and *The Hesper*, 122 U. S. 256, an admiralty appeal is a new trial, and by Section 862 of the Revised Statutes of the United States, and Admiralty Rules 49 and 50 of this court, the right on such new trial to give new proofs is secured to petitioner; and that said statute, rules and decisions remain unrepealed and in full force, and are binding upon said Circuit Judges and said Circuit Court of Appeals and had been disregarded by them.

With the petition the following paper was also presented, entitled " Brief of *Amici Curiæ* on petition for mandamus :".

" The undersigned, advocates in admiralty, practising as such in the Second Circuit, appear as *Amici Curiæ* in the above proceeding, and respectfully show to this court:

" That from the foundation of the judicial system of the United States until within a few years back, under the practice on appeal in admiralty cases from the District to the Circuit Courts, the appellant had the right to take new testimony to be used on his appeal, when he had in his petition of appeal stated that he desired to have his appeal heard on new

evidence. That such right to take new testimony on appeal was according to the ancient practice of the admiralty, and was recognized by the Supreme Court, which made rules regulating the mode, in which such new testimony should be taken, which rules have never been repealed by the Supreme Court. That the statute creating the new Circuit Court of Appeals merely provided for a review of decrees of the District Court by appeal, which, of course, in admiralty cases, must be an admiralty appeal, which has always been held to be a new trial.

"That the Circuit Court of Appeals in the Second Circuit soon after its organization . . . adopted the following rules:

"'Rule 1. The appeal shall be heard on the pleadings and evidence in the District Court unless the appellate court on motion otherwise order.' ·

"'Rule 7. Upon sufficient cause shown, this court, or any judge thereof, may allow either appellant or appellee to make new allegations or pray different relief, or interpose a new defence or take new proofs. Application for such leave must be made within fifteen days after the filing of the apostles, and upon at least four days' notice to the adverse party.'

"'Rule 8. If leave be given to take new testimony, the same may be taken and filed within thirty days after the entry of the order granting such leave, and the adverse party may take and file counter testimony within twenty days after such filing.'

"That the effect of these rules is that the right to take new testimony on appeal, which the parties to an admiralty suit have always had, has been taken away, and for it has been substituted *a right to apply* to a judge of the Circuit Court of Appeals *for permission* to take new testimony, which he may grant or refuse, at his discretion.

"That, in the case of *Hawkins* v. *The Yacht Lurline*, the Circuit Court of Appeals has ordered certain depositions which had been taken to be used on the trial of the appeal to be suppressed.

"That the undersigned have read the brief of the advocate

for the appellee in answer to the motion made to suppress such depositions, and that said brief seems to them to show that the right of the benefit of new testimony on the trial of an appeal in admiralty has been given by statute and the rules of the Supreme Court.

" That, if such statutory right existed, it does not seem to be within the proper scope of the power of the Circuit Court of Appeals to take it away by a rule governing its own practice.

" We therefore request that the Supreme Court will examine into the question, and will determine whether in admiralty appeals the parties have the right to offer upon the trial of the appeal such evidence (whether new evidence or evidence taken in the District Court) as they shall see fit, or whether the taking of new evidence is a mere privilege, to be granted, or not by the Judge of the Circuit Court of Appeals in his discretion.

" And that the Supreme Court, if it shall determine that the parties have such a right, may take such measures, by a mandamus or otherwise, as shall secure such right.

" Robert D. Benedict, of Benedict & Benedict.
" Wilhelmus Mynderse, of the firm of Butler, Stillman & Hubbard, 54 Wall St., New York.
" Geo. Bethune Adams, of Wilcox, Adams & Green, 69 Wall St., New York.
" Wm. W. Goodrich, of Goodrich, Deady & Goodrich.
" Joseph F. Mosher, of Carpenter & Mosher, 62 Wall St., N. Y.
" Everett P. Wheeler, of Wheeler, Cortis & Godkin.
" Harrington Putnam, of the firm of Wing, Shoudy & Putnam.
" Sidney Chubb.
" Henry Galbraith Ward, of Robinson, Biddle & Ward.
" William D. Guthrie, of Seward, Guthrie & Morawetz.
" David Willcox, of Bristow, Peet & Opdyke.
" Frank D. Sturges, of the firm of Owen, Gray & Sturges.
" Wm. G. Choate, of the firm of Shipman, Larocque & Choate.
" Wm. D. Shipman, of Shipman, Larocque & Choate.

" Wm. G. Wilson, of Wilson & Wallis.

" Henry T. Wing, of Wing, Shoudy & Putnam.

" J. Langdon Ward, of North, Ward & Wagstaff.

" Mark Ash, of Alexander & Ash.

" James J. Macklin, of Stewart & Macklin.

" F. R. Coudert, of Coudert Brothers.

" Treadwell Cleveland, of Evarts, Choate & Beaman.

" Lorenzo Ullo, of Ullo, Ruebsamen & Cochran.

" Lewis Cass Ledyard, of Carter & Ledyard. .

" Wm. Allen Butler, of Butler, Stillman & Hubbard."

*Mr. John Murray Mitchell* opposing.

THE CHIEF JUSTICE : This is an application on behalf of John P. Hawkins for leave to file a petition for a writ of mandamus to the Circuit Court of Appeals for the Second Circuit and to the judges thereof, commanding them to receive and duly consider certain depositions or further proofs taken by petitioner on appeal in an action pending in that court wherein he is the libellant and appellee. The depositions in question were suppressed by the court on motion and for reasons given.

We cannot by mandamus review the judicial action thus had in the exercise of legitimate jurisdiction. *In re Morrison, petitioner, ante*, 14; *Ex parte Morgan*, 114 U. S. 174; *Ex parte Burtis*, 103 U. S. 238; *Ex parte Schwab*, 98 U. S. 240.

Leave to file the petition is

*Denied.*