# EX PARTE PARK & TILFORD, PETITIONER.

### PETITION FOR WRIT OF MANDAMUS.

No. 24. Original. Argued October 15, 16, 1917.—Rule discharged November 5, 1917.

Mandamus will not issue from this court to compel a subordinate court to make a particular decision. The jurisdiction of this court in that regard is no greater in a case in which the lower court's decision is by law made final than in those in which decisions are reviewable in the ordinary ways.

The Court of Customs Appeals decided that under the last clause of paragraph I, § 3, of the Tariff Act of 1913, c. 16, 38 Stat. 114, 184, the collector was required to assess certain goods upon their entered

value, unless directed otherwise by the Secretary of the Treasury; and that the Secretary's refusal to give a contrary direction was discretionary and not reviewable by the Board of General Appraisers or by the Court of Customs Appeals; and, upon these grounds, affirmed the Board's decision. *Held*, that the court had taken jurisdiction and decided the case upon its merits and that mandamus would not lie to compel it to inquire into and pass upon the Secretary's refusal.

Rule discharged.

THE case is stated in the opinion.

*Mr. Vincent P. Donihee*, with whom *Mr. Edward S. Hatch* was on the brief, for petitioner.

*Mr. Assistant Attorney General Warren*, with whom *The Solicitor General* was on the brief, for respondents.

MR. JUSTICE DAY delivered the opinion of the court.

This is a petition for a writ of mandamus to require the Judges of the United States Court of Customs Appeals to take jurisdiction of a certain cause, and to consider and decide the same upon its merits. The rule to show cause having issued, the judges made return, and set forth the proceedings in the Court of Customs Appeals, and averred that the court had decided the case of the petitioner, and if the writ of mandamus issued, it would only require the court to do that which it had already done.

From the return and the record attached to the petition it appears: Park & Tilford, petitioner, imported certain merchandise at the port of New York under the Tariff Act of 1913. The Collector of Customs assessed and liquidated the duties at the entered value. The importer claimed assessment at the value decided upon on final reappraisement, which was less than the amount of the

entered value. This claim was made under paragraph I of § 3 of the Act of 1913, 38 Stat. 114, 184, which provides:

"The duty shall not, however, be assessed in any case upon an amount less than the entered value, unless by direction of the Secretary of the Treasury in cases in which the importer certifies at the time of entry that the entered value is higher than the foreign market value and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement, and the importer's contention shall subsequently be sustained by a final decision on reappraisement, and it shall appear that the action of the importer on entry was taken in good faith after due diligence and inquiry on his part, and the Secretary of the Treasury shall accompany his directions with a statement of his conclusions and his reasons therefor."

The importers entered the goods upon an invoice which stated the gross price and allowed 15% deduction therefrom; at entry the importers advanced the value by reducing the deduction to 6%. At the time of entry the importer, in each case, made an addition to the invoice value to make market value, stating the additions were made to meet advances in similar cases then pending upon appeal for reappraisement.

On appeal for reappraisement the goods were appraised at a value which differed from the invoice value, being 2½% more than invoice price of the goods, and 6½% less than the entered value.

The petitioner requested the Secretary of the Treasury to reliquidate the entries; this the Secretary refused to do, stating his reasons as follows:

"You are advised that in all cases where the importer has failed to make a specific contention as to market value, the department regards the contention as being for the invoice value; and where the final reappraised value is below the entered value, but not as low as the value

contended for by the importer, it is the practice of the department to decline to authorize a reduction of the entered value, on the ground that the importer's contention has not been sustained. This practice is based upon the department's knowledge of the purpose and intent of the law, and is of such long standing that it will not make any change therein.

"You are advised therefore that if the entries enumeratèd in your petition come within the class mentioned above, the department's final action with reference thereto would necessarily be in accordance with its practice outlined above."

In a subsequent letter the Secretary reiterated this view, the petitioner protested, and the protest was submitted to the Board of General Appraisers, and was overruled, and the importer appealed to the Court of Customs Appeals.

An inspection of the opinion of the court, which accompanies the petition, makes it apparent that the court did take jurisdiction of the case and decided it, placing its decision upon the ground that the statute requires the assessment made by the Collector in the absence of a direction of the Secretary of the Treasury to the contrary. The court held that the Secretary's refusal to so direct the Collector was not reviewable by the Board of General Appraisers nor by the Court of Customs Appeals; that neither the Board nor the court could control the discretion lodged by the statute in the Secretary, and affirmed the decision of the Board.

It is elementary that the writ of mandamus will not issue to require the court to make a particular decision, and may only be invoked where the purposè is to require action of a court of competent jurisdiction, where such court has refused to exercise the power of decision with which it is invested by law. We think it clear that the Court of Customs Appeals did take jurisdiction of the

case of the petitioner on appeal from the order of the Board of General Appraisers, and decided it according to its interpretation of the statutes of the United States. These facts warrant the statements of the respondents in their return—that if the writ should issue, requiring a decision of the case, they could only repeat the decision which they have already made.

The fact that the law makes the decision of the United States Court of Customs Appeals final in this class of cases does not broaden the authority of this court to issue writs of the character now invoked; it follows that the rule must be discharged.

*And it is so ordered.*