# EX PARTE SLATER, PUBLIC ADMINISTRATOR, ETC., PETITIONER.

### PETITION FOR WRIT OF MANDAMUS.

No. 27, Original. Argued January 21, 1918.—Rule discharged March 4, 1918.

A petition for mandamus should give a correct, uncolored statement of the matter concerning which it seeks relief.

The function of mandamus, when directed to judicial officers, restated.

The right of substitution, upon the death of a party to a suit in the District Court, depends upon recognized legal and equitable principles to be judicially applied; and where, after due hearing, the motion is denied, the ruling, if erroneous, may be corrected upon appeal, but it cannot be reviewed by mandamus.

By decree in a pending suit, the District Court directed that a sum in

the registry be distributed among several solicitors in proportion to their respective services in the case, past payments to be considered, and retained control of the suit and fund to make and carry out the apportionment. *Held*, that the death of one of the solicitors suspended the proceedings until someone legally capable of asserting and defending his interest could be substituted.

Substitution, formerly effected by a bill of revivor, or a bill of that nature, is now ordered upon motion under new Equity Rule 45.

Petition dismissed.

THIS is a petition for a writ of mandamus against the judge of the District Court for the Eastern District of Missouri directing the revivor in the petitioner's name of a suit in equity. The facts, about which there is no dispute, are these: In 1916 the District Court by a decree in a pending suit awarded $95,770, then in the registry of the court, to five solicitors as the balance due to them collectively for services in the suit, and directed that this sum be apportioned among them according to the relative amount and value of the services of each, due regard being had for payments already made. Control of the suit and fund was retained to enable the court to make the apportionment and carry it into effect. The solicitors appeared in the suit and while proceedings looking to an apportionment were pending one of the solicitors died. He was a resident of Texas and was survived by a widow and son, both living in that State. By his will, regularly presented for probate in Texas, his entire estate, excepting one dollar bequeathed to the son, was devised and bequeathed to the widow, and she was named as sole executrix. The will was what is known under the laws of Texas as an "independent" will, the same containing a direction that no action should be had thereunder other than to probate it and to return an inventory and appraisement. See Tex. Civ. Stats., 1914, Art. 3362, *et seq.* After the will was presented and while it was awaiting probate in regular course the court in Texas appointed the widow

temporary administratrix and directed her in that capac-
ity to take charge of the estate and do whatever was nec-
essary to obtain the deceased's portion of the fund await-
ing distribution in the District Court.  She qualified as
temporary administratrix and as such presented in the
suit a motion asking that it be revived by substituting
her as a party in the place of the deceased.  A few days
later the public administrator of St. Louis, Missouri, act-
ing under an order of the probate court of that city, pre-
sented in the suit a motion, erroneously styled an inter-
vening petition, asserting that he was the deceased's only
legal representative in Missouri and insisting in effect
that the revivor be in his name.

These conflicting motions were heard together, were
argued orally and in elaborate briefs by counsel for the
respective applicants for substitution, and were consid-
ered in a memorandum opinion wherein the judge, after
indicating that a revivor was essential and that the ques-
tion for decision was as to which of the two applicants
was the proper party to be substituted in the place of the
deceased, reached the conclusion that the revivor should
be in the name of the widow as temporary administratrix.
An order was accordingly entered granting her motion
and denying that of the public administrator.  That order
was dated October 29, 1917.

November 6, 1917, the will was regularly admitted to
probate in Texas, and the judgment by which this was
done contained an express finding that there was no debt
to be paid and no occasion for administration upon the
estate.  The widow then presented in the suit a motion
setting up the probate of the will with the finding made
in that connection and insisting that this and the terms
of the will operated under the laws of Texas [1] to invest

---

[1] The reference evidently was to Article 3362, *supra*, and to Ar-
ticle 3235, which declares, "When a person dies, leaving a lawful will,
all of his estate devised or bequeathed by such will shall vest immedi-

her in her individual capacity with the full right, title and interest of the deceased in the fund as of the date of his death. The motion concluded by asking for an order recognizing and substituting her in her individual right as the successor in interest and title of the deceased. A hearing was had upon this motion and the same was granted November 19, 1917.

That was the date on which this court, after examining the present petition of the public administrator, granted leave to file the same and ordered that a rule to show cause issue against the defendant judge.

*Mr. George E. Webster*, with whom *Mr. Wells H. Blodgett, Mr. Henry W. Blodgett* and *Mr. Walter N. Fisher* were on the briefs, for petitioner:

The peremptory writ of mandamus should issue as prayed because the petitioner has no remedy by appeal. *In re Connaway*, 178 U. S. 421; *Guion v. Liverpool Ins. Co.*, 109 U. S. 173; *Ex parte Cutting*, 94 U. S. 14; *Ex parte Russell*, 13 Wall. 664; *Life and Fire Ins. Co. v. Wilson*, 8 Pet. 291. The order denying his application for leave to intervene is not such a recognition of his status as a party to enable him to appeal. *Ex parte Cutting, supra.*

The interest of the decedent in the undistributed fund constituted assets subject to administration in Missouri. *United States v. Tyndale*, 116 Fed. Rep. 820.

The mere fact that in denying the petitioner's application for leave to file an intervening petition the respondent was acting judicially does not defeat a resort to mandamus. *In re Connaway, supra; Ex parte Breedlove*, 118 Alabama, 172; *Reynolds v. Clark*, 95 Alabama, 570; *Wood v. Lewanee*, 84 Michigan, 521; Merrill, Mandamus, § 186. Where a

ately in the devisees or legatees," but shall be "subject in their hands to the payment of the debts," if any, of the testator. And see *Wilkins v. Ellett*, 108 U. S. 256, 258; also *Owings v. Hull*, 9 Pet. 607, 625, and *Fourth National Bank v. Francklyn*, 120 U. S. 747, 751.

person desires to intervene to lay claim to a fund in court and shows a *prima facie* right, the refusal to admit him as a party is an abuse of discretion which may be corrected by mandamus.

*Mr. Jacob Chasnoff*, with whom *Mr. Daniel G. Taylor* and *Mr. George C. Willson* were on the brief, for respondent:

The interest claimed by petitioner is technical, not substantial, the widow being the real party in interest.

The granting or denying of permission to intervene is generally within the discretion of the lower court, and this case is not within any exception to that rule. *People* v. *Sexton*, 37 California, 532; *Moon* v. *Welford*, 84 Virginia, 34; *White* v. *United States*, 1 Black, 501.

The question of whether the claim of decedent had a *situs* in Missouri was a judicial question with the determination of which by respondent this court will not interfere by mandamus. *Lee* v. *Abdy*, 17 Q. B. Div. 309, 312; *Guillander* v. *Howell*, 35 N. Y. 657, 661; *Jones* v. *Merchants National Bank*, 76 Fed. Rep. 683; *Wilson* v. *Bell*, 20 Wall. 201.

The question of the authority of petitioner to take charge of the cause of action was a judicial question and the result reached by respondent was not an abuse of his judicial discretion.

Mandamus cannot be used to take the place of an appeal or writ of error, even though no appeal or writ of error is given by law. *In re Rice*, 155 U. S. 396; *Crocker* v. *Supreme Court Justices*, 208 Massachusetts, 162, 164; *In re Key*, 189 U. S. 84, 85.

Mr. Justice Van Devanter, after making the foregoing statement, delivered the opinion of the court.

It now appears that the petition gives an inadmissible coloring to the matter in respect of which it seeks relief. We say this because the petition implies that the court

did not consider but summarily rejected the public administrator's motion for a revivor in his name, whereas in fact the court heard oral argument on the motion, gave time for filing and received briefs thereon, and ultimately denied the motion for reasons given in a memorandum opinion. The petition makes no reference to this; neither does it mention the conflicting motion by the temporary administratrix which was heard at the same time, dealt with in the same memorandum opinion and granted by the same order that denied the public administrator's motion. These matters and the subsequent proceedings are all brought to our attention by the return, the accuracy of which is not questioned.

When the unwarranted coloring of the petition is put aside and what actually was done is considered in its true light, it is manifest that the situation is not one in which a writ of mandamus will lie.

Of course, the death of one of the parties having an interest in the fund operated to suspend the proceedings for its apportionment until some one legally capable of asserting and defending that interest should either come or be brought into the suit in the place of the deceased. Formerly such a substitution was effected through a bill of revivor or a bill of that nature, 210 U. S. 526, Rule 56; Story's Equity Pleadings, 9th ed., §§ 354, 356, 364; but the new Equity Rules provide that the court may, "upon motion, order the suit to be revived by the substitution of the proper parties." 226 U. S. 661, Rule 45. Whether a particular applicant for substitution is the proper party is a question for the court to determine, just as is the question whether a particular suit is brought by or against the proper party. In either case the question is to be resolved by applying recognized legal and equitable principles to the facts in hand; in other words, by an exercise of the judicial function. If the suit be one which may be revived, as where the cause of action or claim in contro-

versy survives, revivor in the name of the proper party is a matter of right, and, if it be denied, the denial may be reviewed and corrected upon appeal. *Clarke* v. *Mathewson*, 12 Pet. 164; *Terry* v. *Sharon*, 131 U. S. 40, 46; *Credits Commutation Co.* v. *United States*, 177 U. S. 311, 315–316; *Mackaye* v. *Mallory*, 79 Fed. Rep. 1, 2; *Minot* v. *Mastin*, 95 Fed. Rep. 734, 739; *United States Trust Co.* v. *Chicago Terminal Co.*, 188 Fed. Rep. 292, 296; *Western Union Telegraph Co.* v. *United States & Mexican Trust Co.*, 221 Fed. Rep. 545, 552.

When the two conflicting motions for revivor were presented it devolved upon the court to consider and decide which, if either, of the applicants was entitled to substitution. A full hearing was had and in regular course the court ruled that one applicant was and the other was not the proper party, and then entered an order reviving the suit accordingly. That was a judicial act done in the exercise of a jurisdiction conferred by law, and even if erroneous, was not void or open to collateral attack, but only subject to correction upon appeal.

"The accustomed office of a writ of mandamus, when directed to a judicial officer, is to compel an exercise of existing jurisdiction, but not to control his decision. It does not lie to compel a reversal of a decision, either interlocutory or final, made in the exercise of a lawful jurisdiction, especially where in regular course the decision may be reviewed upon a writ of error or an appeal." *Ex parte Roe*, 234 U. S. 70, 73; *In re Rice*, 155 U. S. 396, 403; *In re Key*, 189 U. S. 84; *Ex parte Park Square Automobile Station*, 244 U. S. 412.

Upon the present petition therefore we cannot consider the merits of the ruling upon the conflicting motions or the relative bearing of the subsequent proceedings whereby the widow in her individual right was substituted as the successor in interest and title of the deceased.

*Rule discharged; petition dismissed.*