# EX PARTE IN THE MATTER OF NATIONAL PARK BANK OF NEW YORK, PETITIONER.

### PETITION FOR WRIT OF MANDAMUS.

No. 28, Original.   Argued March 15, 1921.—Decided April 11, 1921.

1. The Circuit Court of Appeals is without power to reopen a case to correct an alleged oversight, after final judgment disposing of all the issues and after expiration of the term.  P. 132.
2. Mandamus will not be granted to correct an error of a lower court for which remedies by petitions for rehearing and for certiorari were available.  P. 133.

Rule discharged; petition dismissed.

THE case is stated in the opinion.

*Mr. Edwin V. Guinan,* with whom *Mr. Louis F. Doyle, Mr. I. H. Burney* and *Mr. R. W. Flournoy* were on the brief, for petitioner.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

The National Park Bank of New York filed in this court a petition for a writ of mandamus directed to the United States Circuit Court of Appeals for the Fifth Circuit.  A rule to show cause was granted; and the case is now here on the petition and the return.

In order to satisfy a judgment against the Reid Cattle Company the bank brought suit against it and the City of Fort Worth, in the federal court for the Northern District of Texas, to have certain lands to which the city held title declared property of the company and subject to the payment of its debts. The lands comprised about 30,000 acres and had been deeded to the city by Baldridge. He had received conveyances of all the lands except one 640-acre tract either directly or indirectly from the company; and it was alleged that all the lands including that tract had been conveyed to him either in trust for the company or in fraud of its creditors. The District Court, finding that all the lands had been held in trust for the company and that the city was not a purchaser for value without notice, decreed that all the lands be subjected to payment of the company's debts. Upon appeal by the city the Circuit Court of Appeals found that the lands had not been conveyed in trust for the company; but it affirmed the decree in part and reversed it in part. 261 Fed. Rep. 817. The decree was affirmed so far as it related to lands conveyed by the company by deed of August 25, 1914, on the ground that such conveyance was in fraud of creditors. The decree was reversed so far as it related to lands conveyed by deed of the company dated December 7, 1911, on the ground that this conveyance left the company solvent   The opinion and the decree omitted to make specific reference to the 640-acre tract, the legal title to which had never been in the company but had stood in the name of Davidson and had been conveyed to Baldridge by deed of October 13, 1913.

The decision of the Court of Appeals was rendered December 2, 1919. A motion for a rehearing of the whole case was made and it contained, among other contentions, a slight reference to the failure to dispose of the Davidson tract. That motion was overruled January 13, 1920. No attempt was made to stay the mandate which issued

in due course and was filed in the District Court February 2, 1920. The term of the Circuit Court of Appeals did not end until September 1, 1920, but no further application of any kind was made during that term of court. In November, 1920, after the city filed in the District Court a motion for judgment on the mandate, the bank applied to the Circuit Court of Appeals for permission to file a motion in which it called attention to the failure to pass specifically upon the claim to the Davidson tract and contended that the decree entered at the preceding term was, for that reason, not final and should be modified. The Circuit Court of Appeals denied leave to file the motion and this petition for a writ of mandamus was then brought to require the Circuit Court of Appeals to enter a final judgment disposing of the Davidson tract.

It is clear that the rule granted must be discharged. The decree entered by the Circuit Court of Appeals was, in the light of its opinion, a final one, and disposed of all the issues before it. That court was powerless to modify the decree after the expiration of the term at which it was entered. If the omission in the decree had been adequately called to the court's attention during the term it would doubtless have corrected the error complained of; or relief might have been sought in this court by a petition for a writ of certiorari. The bank failed to avail itself of remedies open to it. A petition for writ of mandamus will not be granted under such circumstances. *Ex parte Riddle,* 255 U. S. 450.

*Rule discharged.*
*Petition dismissed.*