sioner of Internal Revenue v. Dumari Textile Co., 2 Cir., 142 F.2d 897, 899–900. Sums payable because earned are not rendered contingent and nonaccrued by the mere fact that some additional acts are necessary in order to make the collection, even if those acts must be performed later by third persons or by the government. Automobile Ins. Co. v. Commissioner, 2 Cir., 72 F.2d 265, 267–268. Thus this court has held that a sum payable under a judgment against the United States is accruable in the year when the judgment becomes final notwithstanding Congress has yet to make the necessary appropriation to enable the judgment creditor to get his money. H. Liebes & Co. v. Commissioner, 9 Cir., 90 F.2d 932, 939.

It is therefore our opinion that the circumstances relating to the dating of the invoice or voucher on January 6, 1943 did not operate to prevent the accrual of 90 per cent of the amount of that voucher as of December 31, 1942.

The judgment is affirmed.

---

Herbert W. Clark, Richard J. Archer, Girvan Peck, Morrison, Foerster, Holloway, Shuman & Clark, San Francisco, Cal., for petitioner.

William Howard Nicholas, Los Angeles, Cal., for respondent. Nicholas & Mack, Los Angeles, Cal., of counsel.

Before DENMAN, Chief Judge, and STEPHENS and BONE, Circuit Judges.

**Application of Melville C. WILLIAMS, For Writ of Mandamus.**
**No. 14894.**

United States Court of Appeals
Ninth Circuit.

Nov. 8, 1955.

Rehearing Denied Jan. 11, 1956.

PER CURIAM.

Williams seeks the writ of mandamus to restore to him the right to continue as temporarily a member of the bar of the United States District Court for the Southern District of California, in the case of Winckler & Smith Citrus Products Co. v. Sunkist Growers, Inc., et al. His clients, Sunkist Growers, Inc., Exchange Lemon Products Company and Exchange Orange Products Company seek to intervene to assert their interests.

It appears from the affidavits of his clients that they do not intend to have Williams conduct the trial of the litigation but that they will be represented by other counsel, duly admitted therefor.

The attorneys actually having the trial of the case may have Williams sit with them as advisor, as would any nonadmitted law clerk or secretary.

It would appear that the matter is one de minimis presenting merely a moot question not appropriate for a writ of mandamus. See Bankers Life & Casualty Co. v. Holland, 1953, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106; Roche v. Evaporated Milk Ass'n, 1943, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; Jewell v. Davies, 6 Cir., 1951, 192 F.2d 670, certiorari denied 1952, 343 U.S. 904, 72 S.Ct. 635, 96 L.Ed. 1323; State of California v. United States District Court, 9 Cir., 1954, 213 F.2d 818.

The petition for the writ of mandamus is denied.

OLIN MATHIESON CHEMICAL CORPORATION, a corporation, Appellant,

v.

The WESTERN STATES CUTLERY AND MANUFACTURING COMPANY, a corporation; H. Reginald Platts, Harlow C. Platts, Debbie C. Platts, Lois M. Platts, and Marian K. Platts, doing business under the name and style of Western States Cutlery Company; and Western States Cutlery Company, a Colorado corporation, Appellees.

No. 5082.

United States Court of Appeals Tenth Circuit.

Nov. 12, 1955.

Rehearing Denied Dec. 16, 1955.