251 F.2d 555
 Henry B. WALKER, Jr., Trustee, James C. Bower, Executor and Trustee of the Estate of John M. Bower, deceased, James C. Bower, Henry B. Walker, Petitioners,
v.
The Honorable Henry L. BROOKS, United States District Judge for the Western District of Kentucky, Respondent.
 No. 13399.
 United States Court of Appeals Sixth Circuit.
 January 28, 1958.
 
 Henry B. Walker, Henry B. Walker, Jr., William G. Greif, Evansville, Ind., on brief, for petitioners.
 No appearance for respondent.
 Before ALLEN, MILLER and STEWART, Circuit Judges.
 SHACKELFORD MILLER, Jr., Circuit Judge.
 
 
 1
 Petitioners have filed in this court their petition for writ of mandamus directing Honorable Henry L. Brooks, United States District Judge for the Western District of Kentucky, to execute the mandate of this Court issued in Walker v. Felmont Oil Corporation (Felmont Oil Corporation v. Ohio River Oil Company, Inc.), which cases are reported at 6 Cir., 240 F.2d 912.
 
 
 2
 Those cases involved conflicting claims of petitioners and others to the oil and gas rights in certain portions of the bed of the Ohio River that lie north of the thread of the stream opposite the Kentucky shore. The District Judge in an opinion reported at Walker v. Felmont Oil Corporation, 136 F.Supp. 584, ruled against the petitioners herein and also against the claim of Henderson County, Kentucky, and in favor of the State Property & Buildings Commission of Kentucky and those parties holding leases from it. In the trial in the District Court, the question of jurisdiction was not raised by any of the parties and was not discussed by the District Judge in making his ruling. On appeal to this court we held that jurisdiction of the Federal Court was doubtful, that it could not be conferred by agreement of the parties, and that it should be decided by the District Judge before the case was considered on its merits. We also held that although jurisdiction may exist it did not follow that in the declaratory judgment suit which was before him it must be exercised by the District Judge. We discussed in some detail the factors to be considered by the District Court in determining whether or not jurisdiction should be exercised if found to exist. In denying a petition for rehearing we stated that we were not ruling upon the two issues referred to but that the case was being remanded to the District Court for a consideration by the District Judge and his ruling on the question of jurisdiction and the exercise thereof. The mandate which was thereafter issued vacated the judgment of the District Court and remanded the cause "to the District Court for further proceedings in accordance with the views expressed in the opinion herein."
 
 
 3
 Following the remand to the District Court, Henderson County, Kentucky, moved for a stay of proceedings pending a ruling in a suit pending in the Henderson County, Kentucky, Circuit Court involving similar conflicting claims to the oil and gas rights in the bed of the Ohio River. The motion was opposed by other parties to the action and a hearing on the motion was held by the District Judge on September 11, 1957, following which an order was entered submitting the case to the Court "for decision on the issues raised in the opinions and order of the Circuit Court of Appeals denying the petition for rehearing and remanding this cause, upon the motion of Henderson County, Kentucky, for a stay of proceedings herein, and the responses thereto." The order further directed that the briefs filed in the Court of Appeals on the petition for rehearing be filed with the District Court for its consideration.
 
 
 4
 On September 30, 1957, the District Judge entered an order which stated that he did not believe it was necessary to determine the jurisdictional question "as it is clearly apparent from the authorities cited and the reasoning of the Court of Appeals that if jurisdiction did exist it should not be exercised. This case does involve difficult questions requiring interpretation of state laws that affect the public policy of Kentucky, and since the rights of the parties can be adequately determined in the pending state action, there is no justification for further proceedings that could lead to a possible conflict between state and federal rulings." The action was dismissed without prejudice. The petitioners herein have taken an appeal from that order of dismissal in addition to their present application for a writ of mandamus.
 
 
 5
 The present petition for writ of mandamus sets out the history of the litigation above referred to and states that in entering the order dismissing the action, the District Court did not follow the mandate of this court and has denied the petitioners the protection to which they are entitled to litigate matters of this kind in the federal courts rather than in the courts of a state of which they are not citizens. Petitioners ask that a writ of mandamus issue from this court directing the District Judge "to consider and rule on the questions of the existence and exercise of federal jurisdiction after hearing the views of the interested parties thereon." Appellants correctly contend that when the District Court refuses to give effect to or misconstrues a mandate issued by the Court of Appeals, its action may be controlled by the appellate court by writ of mandamus. Baltimore & O. R. Co. v. United States, 279 U.S. 781, 785, 49 S.Ct. 492, 73 L.Ed. 954. But as that case also shows, that is not the exclusive remedy. In cases where the District Court has acted in accordance with its construction of the mandate, any error in so construing the mandate can be corrected by another appeal from the final judgment. Briggs v. Pennsylvania R. Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403. It is the well settled rule that ordinarily mandamus may not be resorted to as a mode of review when a statutory method of appeal is available and is not clearly inadequate. Roche v. Evaporated Milk Association, 319 U.S. 21, 27-30, 63 S.Ct. 938, 87 L.Ed. 1185; Ex parte Fahey, 332 U.S 258, 260, 67 S.Ct. 1558, 91 L.Ed. 2041. In the present case a final judgment has been entered, from which an appeal has been taken to this court. The error complained of by petitioners can be adequately reviewed in that way. The present application cannot be used as a substitute for an appeal.
 
 
 6
 We also think it is clear from our opinion on the appeal in this litigation and from the mandate issued by this court that we did not decide the question of jurisdiction or whether it should be exercised if found to exist, but that such questions were left for consideration and determination by the District Judge. The mandate did not direct the District Judge to take jurisdiction of the case and decide it on its merits. It directed him to make a ruling on the question of jurisdiction. It does not control the ruling to be made. While this court has authority in a mandamus proceeding to require a District Judge to make a ruling in a cause pending before him, we do not have authority in such a proceeding to direct him what ruling to make. Ex parte Park & Tilford, 245 U.S. 82, 85, 38 S.Ct. 15, 62 L.Ed. 164; Jewell v. Davies, 6 Cir., 192 F.2d 670, 673. Whether the District Judge in making the ruling which he made followed our mandate and whether the ruling he made is correct as a matter of law, need not be decided in this proceeding, as they are matters more properly for consideration by this court on the appeal from the final judgment instead of using this mandamus proceeding as a substitute for an appeal. Baltimore & O. R. Co. v. United States, 279 U.S. 781, 785, 49 S.Ct. 492, 73 L.Ed. 954; Briggs v. Pennsylvania R. Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403; Rippy v. Borders, 5 Cir., 250 F.2d 690.
 
 
 7
 The fact that the issue involved is a jurisdictional one does not make the case an exceptional one appropriate for the issuance of the writ. This question was recently considered by us in Massey-Harris-Ferguson, Ltd. v. Boyd, 242 F.2d 800, certiorari denied 355 U.S. 806, 78 S.Ct. 48, 2 L.Ed.2d 50, in which we declined to review, upon an application for a mandamus, a ruling by the District Judge on the question of jurisdiction.
 
 
 8
 Petitioners' application for an order to show cause is denied and their application for a writ of mandamus is dismissed.