Herbert Harrison LOUM, Petitioner,

v.

Honorable Mell G. UNDERWOOD, Chief Judge of the United States District Court, Eastern Division, Southern District of Ohio, Respondent.

United States Court of Appeals Sixth Circuit.

Feb. 4, 1959.

Before ALLEN, Chief Judge, and SIMONS and MILLER, Circuit Judges.

PER CURIAM.

On November 18, 1958, the District Judge, who is made respondent herein, entered an order denying petitioner's application for leave to proceed in forma pauperis in his attempt to file a petition for habeas corpus. The petitioner has made application to this Court for leave to proceed here in forma pauperis and for the issuance of a writ of mandamus which would require the District Judge to grant petitioner leave to proceed in forma pauperis in the District Court.

The petition for habeas corpus which petitioner seeks to file in the District Court merely states that the petitioner was being held in illegal custody by the Warden of the Ohio State Penitentiary in violation of his constitutional rights and that petitioner had exhausted all available state remedies. No facts or details about his alleged illegal imprisonment are given.

In his brief in the District Court in support of his petition, petitioner states that on April 27, 1956, in the Ohio State Court he withdrew a plea of not guilty to an indictment for armed robbery, entered a plea of guilty and was sentenced "to be imprisoned in the Ohio Reformatory at Mansfield until released according to law." He further states that in May, 1956, he was transferred from the Ohio State Reformatory at Mansfield, Ohio, to the Ohio State Penitentiary at Columbus, Ohio, for the alleged reason that since he had previously been convicted of a felony he should have been sentenced to the State Penitentiary at Columbus in the first place. He contends that this was a change in his original sentence and was an illegal transfer which affected prejudicially the minimum time he would be required to serve on his sentence for armed robbery.

■ The District Judge, in denying the application to proceed in forma pauperis, made a ruling that "said petition is without legal merit." This ruling was clearly correct under the limited allegations of the petition which confined itself to stating general conclusions of law without supporting facts. Marslin v. Schmucker, 4 Cir., 89 F.2d 765, 767; Polhemus v. American Medical Association, 10 Cir., 145 F.2d 357, 359; Sheridan-Wyoming Coal Co. v. Krug, 83 U.S. App.D.C. 162, 168 F.2d 557, 559.

■ The right to proceed in forma pauperis under Sec. 1915, Title 28, U.S. Code, is not an unqualified one. The statute provides that the Court *"may* authorize" the commencement or prosecution of a suit without prepayment of fees and costs. (Emphasis added.) If the proposed action is clearly without merit, it is within the discretion of the District Judge to deny the application. Richardson v. Hatch, D.C.W.D.Mich., 134 F.Supp. 110; Johnson v. Hunter, 10 Cir., 144 F.2d 565, 566; Huffman v. Smith, 9 Cir., 172 F.2d 129, 130; Taylor v. Steele, 8 Cir., 191 F.2d 852.

■ Even if the District Judge should have considered the statements in petitioner's brief or was in error in his ruling, the ruling is not reviewable by writ of mandamus. Ex parte Park & Tilford, 245 U.S. 82, 85, 38 S.Ct. 15, 62 L.Ed. 164; Walker v. Brooks, 6 Cir., 251 F.2d 555, 557; Higgins v. Steele, 8 Cir., 195 F.2d 366, 368; Prince v. Klune, 80 U.S.App.D.C. 31, 148 F.2d 18, 19.

There being no merit in petitioner's application for the writ of mandamus, the application and motion to proceed in forma pauperis are denied. Phillips v. McCauley, 9 Cir., 92 F.2d 790; In re Bankers Life & Casualty Co., 5 Cir., 199 F.2d 593, affirmed Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106. Compare: Lemon v. Druffel, 6 Cir., 253 F.2d 680, certiorari denied 358 U.S. 821, 79 S.Ct. 34, 3 L.Ed. 2d 62.