12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy Paul KEENAN, Plaintiff-Appellant,
v.
J. COLLARD, Defendant-Appellee.
 No. 93-1915.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1993.
 
 E.D. Mich., No. 93-71538; Anna Diggs Taylor, J.
 E.D.Mich.
 AFFIRMED.
 Before: KEITH and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Timothy Paul Keenan, a Michigan state prisoner proceeding without benefit of counsel, appeals a district court order denying his motion for in forma pauperis status. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff submitted a complaint under 42 U.S.C. Sec. 1983 and a motion to proceed in forma pauperis. The district court concluded that plaintiff enjoyed a spendable balance of $233.40 in his prison account and that he had not, therefore, established indigence. On appeal, plaintiff argues that the district court failed to follow the principle that a litigant need not demonstrate complete destitution in order to be entitled to in forma pauperis status. Plaintiff contends that the district court should have only ordered a partial payment and that an order requiring him to pay the full amount effectively denies him meaningful access to the courts.
 
 
 3
 Upon review, we conclude that the district court did not abuse its discretion. See Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988). The right to proceed in forma pauperis under Sec. 1915, Title 28, U.S. Code, is not an unqualified one. The statute provides that the court "may authorize" the commencement or prosecution of a suit without prepayment of fees. See Loum v. Underwood, 262 F.2d 866, 867 (6th Cir.1959) (per curiam).
 
 
 4
 The court determined plaintiff's immediately spendable income as $233.40 and found plaintiff's monthly income as $70. The court also reviewed the plaintiff's planned expenditures, including footwear, stamps, litigation supplies, hygiene items and maybe a footlocker. The court held that plaintiff's balance, income and purported future expenditures did not result in plaintiff's indigency for the purposes of in forma pauperis status.
 
 
 5
 In his appellate brief, plaintiff alleges that the denial of in forma pauperis status made him choose between abandoning a potentially meritorious claim or foregoing the necessities of life. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). However, plaintiff did not challenge the court's factual findings with respect to the amount of his balance, income or future expenses. Instead, he challenges the amount he has to pay to file his complaint.
 
 
 6
 Although plaintiff asserts, without offering any supporting factual allegations, that requiring him to pay a filing fee "is contrary" to meaningful access to the courts, the issue in the immediate case remains whether plaintiff is indigent. In light of the unchallenged facts with respect to plaintiff's balance, monthly income and future expenses, and in light of an inmate's unique status of being assured the basic necessities of life at the state's expense, see In re Williamson, 786 F.2d 1336, 1339 (8th Cir.1986), we conclude that the district court did not abuse its discretion.
 
 
 7
 Accordingly, the order of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.