# EX PARTE WAGNER (TRADING AS THE AMER-ICAN MECHANICAL TOY COMPANY), ET AL., PETITIONERS.

## ON PETITION FOR WRIT OF MANDAMUS.

No. 29, Original. Argued March 17, 1919.—Decided April 14, 1919.

Mandamus may be resorted to, in proper cases, for the purpose of securing judicial action, but not for the purpose of determining in advance what that action shall be. P. 471.

A writ of mandamus could not properly be directed to the Circuit Court of Appeals and its judges, to control proceedings in a case which has been remanded by that court to the District Court and is pending exclusively in the latter. P. 469.

Interlocutory proceedings for an accounting, in the District Court, will not be forbidden by mandamus merely upon the ground that disposition of other proceedings before this court may possibly render the accounting nugatory and a useless expense to the petitioner. P. 471.

So *held*, where the District Court, in the exercise of its judicial discretion, had refused to stay the accounting, upon full consideration of the grounds urged in this court by petitioner.

Rule discharged; petition dismissed.

THE case is stated in the opinion.

*Mr. H. A. Toulmin, Jr.,* and *Mr. H. A. Toulmin,* with whom *Mr. E. H. Turner* and *Mr. W. B. Turner* were on the brief, for petitioners.

*Mr. Reeve Lewis,* with whom *Mr. C. A. L. Massie* and *Mr. Ralph L. Scott* were on the brief, for respondents.

MR. JUSTICE CLARKE delivered the opinion of the court.

The petitioners pray that a writ of mandamus shall issue out of this court, requiring the Circuit Court of Ap-

peals for the Sixth Circuit and the judges thereof and
the United States District Court for the Southern District
of Ohio, Western Division, and the judge thereof, to stay
further proceedings in a suit pending in the District Court,
and the execution of a judgment against petitioners ren-
dered therein by that court and affirmed by the Circuit
Court of Appeals. The answers of the courts and judges
to the usual rule to show cause are before us.

The facts upon which the prayer for this extraordinary
remedy is based are as follows: The Meccano, Limited, a
corporation, brought a suit, which we shall designate as
the Ohio case, in the District Court for the Southern Dis-
trict of Ohio against F. A. Wagner, trading as The Amer-
ican Mechanical Toy Company, and The Strobel & Wilken
Company, a corporation, charging: (1) the infringement
of letters patent, which the plaintiff claimed to own, cov-
ering certain parts of a model-builder or mechanical toy,
known by the trade-name of "Meccano;" (2) the in-
fringement of two copyrights which the plaintiff claimed
to own upon the manual or book of instructions, which
was sold with the toy and which was essential to the use
of it, and (3) unfair competition. An accounting and
permanent injunction were prayed for. The defendants
denied the allegations of the bill and asserted a counter
claim.

Upon the trial on the merits the District Court found
for the plaintiff on all of the issues, dismissed the counter-
claim of defendants and granting an injunction ordered
an accounting.

On appeal the Circuit Court of Appeals for the Sixth
Circuit affirmed the decree of the District Court except
as to the infringement of the patent, which was held to
be invalid for want of invention, and remanded the case
for a decree not inconsistent with its opinion.

Pursuant to this affirmance the District Court entered
a decree, and appointed a master to take an account of

gains, profits and damages and to report his conclusions to that court.

Thus was the Ohio case ripe for an accounting, which had been ordered, when the petition which we are considering was filed.

After the decision by the District Court in the Ohio case, but before it was affirmed by the Circuit Court of Appeals, the Meccano, Limited, instituted a suit, which we shall designate as the New York case, in the United States District Court for the Southern District of New York against John Wanamaker, a corporation, charging that the defendant, a customer of the defendants in the Ohio case and a retail dealer engaged in selling the toy manufactured by Wagner, was guilty of the same violations of complainant's rights as were alleged in the Ohio case. Upon "affidavits and exhibits" a motion for an injunction *pendente lite* was filed which, upon hearing, was granted. From this order allowing a temporary injunction an appeal was taken to the Circuit Court of Appeals for the Second Circuit, and after the appeal was argued, but before it was decided, the decree of the District Court in the Ohio case was affirmed by the Circuit Court of Appeals for the Sixth Circuit. Thereupon the Meccano Company filed a "motion for a decision on the merits" in the New York case, then pending on appeal in the Circuit Court of Appeals for the Second Circuit, and in support of this motion were filed copies of the opinion of the Circuit Court of Appeals for the Sixth Circuit and of the decree entered by the District Court pursuant thereto.

This motion for a judgment on the merits was bottomed on the claim that the two cases involved the same issues, that Wagner had assumed the defense in the New York case and that the decree rendered by the Circuit Court of Appeals for the Sixth Circuit constituted an estoppel by judgment when pleaded in the case in the Second Circuit, —but the motion was denied.

Later on, the appeal from the order granting a preliminary injunction, which was argued before the motion for judgment on the merits was filed, was decided, and the District Court was reversed, the Circuit Court of Appeals for the Second Circuit holding with the Circuit Court of Appeals for the Sixth Circuit that the patent declared on was invalid for want of invention, but the court also held that a very clear case was necessary to justify a preliminary injunction for a claimed infringement of copyright or for unfair competition, the only remaining claims in the bill, and that the affidavits and exhibits before the District Court were not sufficient to warrant its conclusion. For these reasons the order of the District Court allowing a temporary injunction was reversed.

Following this decision by the Circuit Court of Appeals for the Second Circuit, the Meccano, Limited, filed a petition in this court for a writ of certiorari, giving as the reasons relied upon to secure the writ that there was a conflict of opinion between the Courts of Appeals of the Second and Sixth Circuits upon the questions involved in the case, and that the cause should be brought before this court for review to determine:

(1) The legal effect to be given to a prior decree in the Sixth Circuit against the manufacturer, as against a customer in the Second Circuit;

(2) Whether the preliminary injunction could be legally denied by the Circuit Court of Appeals for the Second Circuit after the prior adjudication of the same issues by the Circuit Court of Appeals for the Sixth Circuit;

(3) Whether or not the prior decree of the Circuit Court of Appeals for the Sixth Circuit entitled the petitioner to a decision in its favor on the "motion for a decision on the merits" filed in the later case in the Second Circuit;

(4) Whether or not an unsuccessful defendant in a suit in one Circuit, in which his product has been adjudged

unlawful, is to be permitted to re-litigate the same issues with respect to the same product by assum ig the defense of a subsequent suit in another Circuit against one of his customers.

Upon this petition a writ of certiorari was allowed and the case was brought to this court for review.

Promptly upon the granting of the writ of certiorari by this court the petitioners herein moved the Circuit Court of Appeals for the Sixth Circuit to stay the accounting proceeding in the Ohio case pending a decision by this court in the New York case.

The Circuit Court of Appeals for the Sixth Circuit denied this motion and, in the answer of that court and of the judges thereof to the rule of this court to show cause, they give as their reason for so deciding, that the court was of the opinion that, as the case had theretofore been remanded to the District Court, it had no jurisdiction to order such a stay or to make an order directing the District Judge to do so,—certainly not until a like application had been made to that court and had been refused. In its journal entry the court sufficiently advised the unsuccessful parties of the reason for its action. It reads as follows:

"That the motion . . . to stay all proceedings herein . . . presents a question which, at this stage of the case, No. 2977, must be determined by the court below."

And the court and judges add that no application had been made in any way to review the action taken by the District Judge on the motion to stay.

Obviously it is a conclusive answer to the prayer of the petitioners for a writ of mandamus to the Circuit Court of Appeals and to the judges thereof directing the entry of a stay of proceedings, that the case was not, when the stay was refused, and is not now, pending in that court.

After this overruling of their motion for a stay by the Circuit Court of Appeals for the Sixth Circuit, the petitioners herein made a similar application to the District Court for the Southern District of Ohio for a stay of proceedings until the New York case should be decided by this court, which motion was also denied.

The District Court and the judge thereof in the return to the rule issued herein, give as reasons for such denial:

(1) That the defendants had permitted the time to expire in which to apply to this court for a review of the decree of the Circuit Court of Appeals for the Sixth Circuit on certiorari without making any application for such review, and therefore the court concluded that the rights of the parties as to unfair competition and copyright infringement, which remained after the holding that the patent was invalid, had become settled.

(2) That the case before the Circuit Court of Appeals for the Second Circuit was an appeal from an order granting a preliminary injunction and that to the court, not having the record in that suit before it, the New York case seemed to involve only the question as to the effect of the decree of the Circuit Court of Appeals for the Sixth Circuit upon the case in the Second Circuit and could not, therefore, be determinative of the rights of the parties in the Ohio case.

(3) That there did not seem to the court to be any conflict between the decisions by the Sixth and Second Circuit Courts of Appeals because the facts of the two cases, as the court was advised, were so different that the decisions could not be the same upon their merits.

(4) That from the statement of counsel for Wagner that a fire had occurred on the floor of the building in which the Wagner outfits, manuals, etc., and books had been stored, resulting in great injury to them, the court concluded it to be the part of prudence that the marshal should take possession of such property and

books as soon as possible, and that there seemed to it no good reason for further delay in the accounting.

This answer of the District Court and judge is also clearly sufficient and conclusive. It shows that the court was called upon to judicially determine the scope of the decision of the Circuit Court of Appeals for the Second Circuit, reversing the action of the District Court granting a temporary injunction, and whether or not that decision was in conflict with .the decision by the Circuit Court of Appeals for the Sixth Circuit; to forecast, as best it might, what the scope and effect of the decision of this court in the New York case would be upon the rights of the parties as determined in the Ohio case, and, having regard to the rights of the plaintiff and the conduct of the defendants, whether, after four years of obviously very strenuous litigation, the accounting should be further delayed by the prospect that the decision of this court might render the results of it valueless.

Mandamus is an extraordinary remedy, to be resorted to for the purpose of securing judicial action, not for determining in advance what that action shall be. *In re Rice*, 155 U. S. 396. It may not be resorted to, as the petitioners seek to resort to it here, for the purpose of controlling minor orders made in the conduct of judicial proceedings, and the fact that the result of litigation may possibly be such that interlocutory proceedings taken may not prove of value is not a sufficient reason for calling the writ into use for the purpose of forbidding such proceedings, even though the cost of them cannot be recovered from the opposing party or even though the order cannot be reversed on error or appeal. *Ex parte Newman*, 14 Wall. 152, 165, 168. This from *American Construction Co. v. Jacksonville, Tampa & Key West Ry. Co.*, 148 U. S. 372, 379, is sharply pertinent to the application before us:

"Least of all, can a writ of mandamus be granted to review a ruling or interlocutory order made in the progress of a cause: for, as observed by Chief Justice Marshall, to do this 'would be a plain evasion of the provision of the act of Congress that final judgments only should be brought before this court for reëxamination;' would 'introduce the supervising power of this court into a cause while depending in an inferior court, and prematurely to decide it;' would allow an appeal or writ of error upon the same question to be 'repeated, to the great oppression of the parties;' and 'would subvert our whole system of jurisprudence.'"

The petitioners have misconceived the scope and applicability of the remedy of mandamus and the rule is

*Discharged and the petition dismissed.*