790

## SWIDERSKI v. MOODENBAUGH.
### No. 918.

District Court, D. Oregon.
June 8, 1942.

Reuben G. Lenske, of Portland, Or., for plaintiff.

Dey, Hampson & Nelson and Clarence J. Young, all of Portland, Or., for defendant.

1 Previous opinion, D.C., 44 F.Supp. 687.

2 See United States Law Week for April 7, 1942, at page 2656.

JAMES ALGER FEE, District Judge.

Since the hearing in this case on the motion to stay proceedings,[1] counsel for defendant have called the attention of the court to a decision by the United States Circuit Court of Appeals for the Sixth Circuit, decided March 3, 1942, and have requested re-examination. This case is entitled Dacia Royster v. Arthur F. Lederle, United States District Judge,[2] 128 F.2d 197.

There the Circuit Court of Appeals on mandamus proceedings refused to direct Honorable Arthur F. Lederle, United States District Judge "to vacate and set aside his order of continuance entered in the case of Royster v. Ruggiero [D.C., 2 F.R.D. 429], pursuant to Section 201 of the Soldiers' and Sailors' Civil Relief Act of 1940".[3]

The main case was a suit brought by Royster against Ruggiero for damages for personal injuries claimed to have been suffered when Royster was struck by an automobile driven by Ruggiero on June 12, 1941. The defendant was inducted into the military service of the United States about June 28, 1941.

Ruggiero carried a liability policy of insurance with certain pecuniary limitations. The insurer agreed to defend any suit against the insured growing out of the operations of the automobile covered by the policy. Ruggiero's policy provided that the insured should co-operate with the insurer upon its request and attend hearings and trials and assist in effecting a settlement if the insurer wishes to compromise any claim, and it further provided that the contract of insurance should be inoperative unless the insured complied with its terms.

The petitioner in that case offered to look solely to the insurer for the payment of any judgment she might obtain if there were no continuance.

In the opinion above referred to, the court say that on account of the provisions of the policy regarding co-operation, a continuance was proper in the event that the lower court granted the stay only on condition that the insurance carrier execute a bond to the Clerk of the Court for the use of the petitioner, conditioned on the payment of whatever judgment she might

3 54 Stat. 1181, 50 U.S.C.A. Appendix § 521.

obtain against defendant not in excess of the policy limits in the event he was insolvent at the time of judgment. The reasoning of the court is that since the insurance company might not be able to obtain the presence of the defendant and since he might not be able to co-operate, the rights of the plaintiff did not weigh in the scale.

The problem here is different from that confronting the Circuit Court of Appeals in the Royster case. The statute indicates that the discretion of the trial court is absolute and without review.[4] The higher court might perhaps justify interference in aid of appellate jurisdiction after a long period of inaction,[5] even in the teeth of the statute. But in the case in this court there has been definite and affirmative action taken.[6]

■ Since the considerations used in Royster v. Lederle, supra, are urged upon this court to influence the course of action, attention will now be given these. That is a decision of a different Circuit Court of Appeals than the Ninth Circuit and is not binding upon this court. The reasoning of the opinion is not persuasive and this court refuses to follow it. The policy underlying the opinion seems improper. The court, in dealing with the broad application of the rule laid down for this particular case, might have considered that an action for personal injuries dies with plaintiff or defendant in most jurisdictions.[7]

■ Although in Oregon this rule by virtue of statute[8] no longer holds, under the allegations of the complaint here plaintiff is seriously injured. If the court should permit the insurer to put this case over for a period of years until the war is ended, the company might entirely escape liability, not because it is not liable under the facts and the law if the case could be tried now, but because the person who is defendant has gone into the service of the United States. This is a capitalization of the patriotism of another to the detriment of one alleged to have been seriously injured, which a court should not permit at the instance of an insurer for hire.

The insured soldier will not be injured. Plaintiff offers to limit recovery to the amount of the policy. The soldier will fulfill the paragraph of the policy relating to co-operation, so far as permitted by the military. He has already given his deposition in this case.

There is another peculiar factor in the case at bar. It was set for trial on February 24, 1942, and could have been tried on that day while defendant was still present. At the pre-trial conferences, however, the attorney for the insurance company zealously defended his client by standing upon technical rights with regard to answering interrogatories, and thus forced postponement of trial. The court fully recognizes that counsel for plaintiff was remiss also. The military service of the defendant was at that time impending, as all parties knew. The case could have been tried while the defendant was present if counsel had co-operated. Plaintiff has rights which cannot be compromised by his attorney and while plaintiff is bound by counsel's action in court, still a course of action apparently dictated by the insurance carrier for hire can be considered by the court in determining whether the case should now be tried or postponed to the period of the national emergency.

■■ A federal court has the power to determine whether an injury has been

---

[4] The language is:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, *in the discretion of the court in which it is pending*, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, *in the opinion of the court*, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." Oct. 17, 1940, c. 888, Sec. 201, 54 Stat. 1181, 50 U.S.C.A.Appendix, § 521. (Emphasis supplied.)

[5] In Bedgisoff v. Cushman, District Judge, 9 Cir., 12 F.2d 667, where the trial court refused for several years to set for trial a cause which was at issue, mandamus was granted in aid of appellate jurisdiction.

[6] Mandamus will not lie. Ex parte Wagner (Trading as American Mechanical Toy Company), et al., Petitioners, 249 U.S. 465, 39 S.Ct. 317, 63 L.Ed. 709; National Bondholders Corporation v. McClintic, Judge, 4 Cir., 99 F.2d 595, 598, 599.

[7] See 1 C.J. pp. 174, 185; 1 C.J.S. pp. 188–9.

[8] See Oregon Compiled Laws Annotated, §§ 1-312, 8-904.

caused to anyone by forcing a case to trial. If there have been, the verdict may be set aside and a new trial granted. If there be error by the trial court in such respects, and a new trial be not granted, the appellate court can likewise review the results of a denial of the motion and determine after trial upon appeal whether injustice has been done. If possessing such powers, the federal courts refuse even to hear the cause for fear that someone might be injured by such action, adherence to the sporting theory of justice would seem absolute. It is assumed that the right move has been made by the insurer. It is assumed that the right counter has been played. Therefore, blind justice has been precluded from any other test to discover the correctness or incorrectness of the determination. This court repudiates such a game and orders the cause set for immediate trial.

The motion is denied.