### LLOY v. PACIFIC ELECTRIC RY. CO.

**No. 13824.**

United States Court of Appeals, Ninth Circuit.

Oct. 28, 1953.

Rehearing Denied Dec. 9, 1953.

John M. Ennis, Los Angeles, Cal., for appellant.

Spray, Gould & Bowers, Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

At all pertinent times, appellee, Pacific Electric Railway Company, a corporation, was a common carrier by railroad engaged in commerce between California and other States. Appellant, Thomas M. Lloy, was employed by appellee in such commerce as a trolleyman on an electric locomotive. On March 26, 1952, at Hermosillo, California, appellant, while so employed, suffered injuries for which, in an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., he sought to recover of appellee damages in the sum of $95,000. Appellee answered, and a trial was had, resulting in a verdict and judgment for appellee. This appeal is from that judgment.

The complaint alleged: "That at said time and place[1] acting in the regular course and scope of his duties, [appellant] was working on said electric locomotive which locomotive was being moved in a backward direction along one of [appellee's] spur tracks leading to the main line; that at said time and place [appellant] in the course of his duties found it necessary to and did endeavor to control and steady the trolley of said locomotive by gripping the trolley rope; that at said time and place [appellee] through its agents, servants and employees other than [appellant] carelessly and negligently permitted a loose frog[2] and a slack wire to exist at a place over which said trolley must necessarily pass; that as a direct and proximate result of said carelessness and negligence said trolley was caused to be thrown off the wire, to catch on the loose frog or the

---

1. March 26, 1952, at Hermosillo, California.

2. The "frog" here referred to was a triangular metal plate connecting several trolley wires.

**664**

loose wire, which jerked [appellant] violently up in the air and threw him to the ground causing him to sustain the injuries [complained of]." The answer denied all the above mentioned allegations.

On direct examination of appellant's first witness, H. M. Alexander (the conductor in charge of the train attached to the locomotive on which appellant was working when injured), questions were asked and answers, objections and rulings were made as follows:

"Q. By Mr. Ennis:[3] Mr. Alexander, prior to the time that Mr. Lloy was injured that morning, did you and Mr. Lloy have any conversation about the trolley rope on that particular trolley that went off the track or went off the trolley wire when he got hurt? A. Yes, I did.

"Q. Will you tell us the exact words, or in substance, what he said and what you said about that trolley rope? A. Mr. Archbald:[4] I object to that as incompetent, irrelevant and immaterial. It has nothing to do with the issues framed by the pleadings. * * *

"The Court:[5] I think the objection is good. * * *

"Q. By Mr. Ennis: What was the condition of that trolley rope, Mr. Alexander? * * *

"Mr. Archbald: I object to the question on the ground that it is wholly incompetent, irrelevant and immaterial and has nothing to do with the issue of negligence as framed by the pleadings.

"The Court: * * * I will allow you the question on the length and not the condition of the rope.

"Mr. Archbald: * * * As I see it, it is entirely immaterial. There is no issue of negligence in that respect.

"The Court: The objection is overruled. * * *

"Q. By Mr. Ennis: How did the length of the trolley rope compare to the normal or average trolley rope on a freight locomotive? A. It was much longer than the normal rope. * * *

"The Court: * * * How much longer was it? A. I would say that it would be at least four or possibly five feet longer than the normal trolley rope. * * *

"The Court: What was the objection? Or was there an objection?

"Mr. Archbald: My objection is, your Honor, that it is wholly incompetent, irrelevant and immaterial, and that there is no issue raised by the pleadings as to any negligence in respect of the trolley rope.

"The Court: I think I shall sustain the objection, and the question and answer may go out, and the jury is instructed to disregard the testimony relative to the length of the trolley rope."

■ Appellant contends that the District Court erred in sustaining appellee's objection to, and in instructing the jury to disregard, the testimony relative to the length of the trolley rope. There is no merit in this contention. The only negligence alleged in the complaint was in respect to a loose "frog" and a slack wire. The length of the rope was not relevant or material to any issue raised by the pleadings.

After Alexander and other witnesses had testified, the following colloquy occurred between the District Court and attorneys for the parties:

"Mr. Ennis: I would like to make an offer of proof of the testimony that Mr. Alexander gave this morning, which was later ordered to be stricken out by your Honor,[6] with

3. John M. Ennis, attorney for appellant.

4. Malcolm Archbald, attorney for appellee

5. District Judge Harry C. Westover presiding.

6. Actually, instead of striking it, the District Court merely instructed the jury to disregard Alexander's testimony relative to the length of the trolley rope.

regard to there being too much trolley rope, or too long a trolley rope,[7] on this particular freight motor, and I would like to make that offer of proof as the basis of now moving for permission of the court to amend the pleadings with respect to that one particular fact that [appellee] carelessly and negligently provided and maintained too long a trolley rope on said electric locomotive.

"Mr. Archbald: I object to the offer of proof on the ground there is nothing within the issues framed by the pleadings which in any way sets out as a part of the cause of action against [appellee] the condition or length of the trolley rope, and I object to the suggestion of counsel that he is making it a foundation to amend, and object to any amendment on the ground it comes too late, at a time when we are in trial, with the issues framed by the pleadings at this time.

"The Court: I cannot see where it makes very much difference about the length of the rope.

"Mr. Ennis: It probably isn't a matter of great consequence, but I thought for the record I should make the motion.

"The Court: For the record you have made the motion, and it is denied."

Appellant contends that the District Court erred in denying the motion. There is no merit in this contention. The motion was addressed to the District Court's discretion,[8] and no abuse of that discretion is shown.

After being charged and after retiring to consider its verdict, the jury, at its own request, was brought into the courtroom and, at its own request, was given further instructions. Appellant contends that the District Court erred in giving these instructions. We are not required to consider this contention, for appellant did not, in the District Court, make any objection to these instructions.[9] However, we have considered this contention and find no merit in it.

Judgment affirmed.

---

**7.** Actually, Alexander never testified that there was too much trolley rope or that the trolley rope was too long.

**8.** Lorentz v. R.K.O. Radio Pictures, 9 Cir., 155 F.2d 84.

**9.** See Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A.