Elizabeth STEINBERG

v.

INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA.

Civ. A. No. 11328, Division "C".

United States District Court
E. D. Louisiana,
New Orleans Division.

Nov. 24, 1964.

Gerald P. Fedoroff, O'Keefe & O'Keefe, New Orleans, La., Cecil M. Burglass, Jr., Harry Burglass, Metairie, La., for plaintiff.

Carl J. Schumacher, Jr., Dermot S. Mc-Glinchey, Lemle & Kelleher, New Orleans, La., for defendant.

WEST, District Judge.

This is a medical malpractice case brought, pursuant to Louisiana's Direct Action Statute, LSA–R.S. 22:655, directly against the insurer of the doctors involved. After trial by jury, a verdict was returned in favor of plaintiff and against respondent in the amount of $49,-000, and judgment was entered thereon on June 15, 1964. Ten days later, on June 25, 1964, respondent filed a motion for judgment in accordance with its prior motion for directed verdict, and for judgment notwithstanding the verdict,

and alternatively, for a new trial. As grounds for these motions, respondent asserted that plaintiff's evidence was insufficient in law and in fact to support the jury's verdict, and that the verdict is contrary to the weight of the evidence. The motions did not specifically assign as error the amount of the judgment awarded. The motions came on for hearing on July 8, 1964, twenty-three days after entry of judgment, at which time this Court denied respondent's motion for judgment in accordance with its prior motion for directed verdict, and denied respondent's motion for a judgment notwithstanding the verdict. But even though respondent did not, in its motion, complain specifically about the amount of the award, this Court, being of the opinion that the evidence was insufficient to support a verdict in the amount of $49,-000, granted respondent's motion for a new trial unless plaintiff, within ten days thereafter, filed a remittitur of $20,400 so as to reduce the final verdict and judgment to the sum of $28,600. On July 10, 1964, plaintiff filed a motion to vacate the order of remittitur and alternatively, to reconsider the remittitur as to amount. Arguments on this motion were heard on July 22, 1964, at which time, the ten day election period was extended until further order of Court, and counsel were granted time within which to file briefs. Now, after due consideration of the briefs and arguments of counsel, it is concluded that the plaintiff's motion to vacate and/or reconsider its prior order of remittitur must be denied.

■ Plaintiff's motion to vacate is based upon the assertion that Rule 59 of the Federal Rules of Civil Procedure prevents the Court, on its own initiative, from ordering a new trial after more than ten days have elapsed since the entry of judgment. There is no doubt that the great weight of authority supports plaintiff's contention. Kanatser v. Chrysler Corp., 199 F.2d 610 (CA10 1952); Demeretz v. Daniels Motor

Freight, Inc., 307 F.2d 469 (CA3 1962); DiFrischia v. New York Central Railroad Company, 307 F.2d 473 (CA3 1962); Lloy v. Pacific Electric Ry. Co., 207 F.2d 662 (CA9 1953). But as this Court reads and interprets Rule 59, the prohibition contained in subparagraph (d) thereof applies to cases wherein no motion for new trial has been made by either party to the suit within the ten day period of limitation. In such a case, the Court may not, after the lapse of the ten day period, sua sponte, suspend the finality of the judgment by granting a new trial where none was requested by either party to the litigation. This reasoning is consonant with the views expressed in the dissenting opinions in Jackson v. Wilson Trucking Corp., 100 U.S.App.D.C. 106, 243 F.2d 212 (1957) and Freid v. McGrath, 76 U.S.App.D.C. 388, 133 F.2d 350 (1942). In the Freid case, Judge Edgerton, in his dissenting opinion, reasoned:

> "There is no logical or legal difficulty in granting for one reason a motion made for another reason. Hormel v. Helvering, 312 U.S. 552, 557, 61 S. Ct. 719, 85 L.Ed. 1037 (1941). The rule (Federal Rules of Civil Procedure, rule 7b, 28 U.S.C.A. following section 723c) that a motion shall state the 'grounds therefor' does not require the court to deny a motion merely because the court is not impressed by the particular grounds which the motion states. * * * And it seems to me a contradiction in terms to say, when a judge grants a party's motion, that he nevertheless acts upon his own motion; or, what comes to the same thing, that he acts of his own initiative. If he grants the party's motion he does not act of his own initiative; and vice versa. Rule 59 (d) clearly expresses this dichotomy: 'the court of its own initiative *may order* a new trial for any reason for which it *might have granted* a

new trial on motion of a party
* * *'

"Since the judge acted on appellee's motion, his action was timely."

And in the Jackson case, Judge Burger, reasoning along the same lines, states:

"In cases where a judgment n. o. v. is sought, it is almost a universal experience of practicing lawyers that 10 days will have elapsed from date of judgment before the court has an opportunity to decide whether or not final judgment should be entered in accordance with the motion. If, upon consideration of the motion briefs and oral argument, the trial court then concludes the evidence is legally sufficient, although contrary to the verdict, it is powerless, under the rule now announced, to grant a new trial, even though it is convinced that is the logical and practical relief. I cannot believe that such rigidities were contemplated by the Federal Rules, lauded as a model of 'simplicity and flexibility,' and a departure from rigid formalism. * * * The majority urges that unless one reads Rule 59(d) as it does the Rule has no efficacy. Not so. Rule 59(d) is directed at cases where no litigant makes a motion of any kind, but when the court thinks the record does not support the verdict. In such case the trial court, without any motion *of any kind,* is for a 10 day period given power *sua sponte* to grant a new trial. * * * [The Tenth Circuit cases likewise proceeded on the narrow, and I believe erroneous, assumption that the grant of a new trial more than 10 days after entry of judgment must be justified under 59(d).] * * * It is only the *sua sponte* power which has a time limit. Rule 59(d) was not intended to apply to a situation where a motion for judgment n. o. v. is made, since * * * it is

rarely if ever that a motion can be made and heard within that time limit."

This interpretation of Rule 59(d) is endorsed and recommended also by Professor Moore, who states in Moore's Federal Practice, ¶ 59.09[3] p. 3850–51:

"Similarly, we believe that once a timely motion has tolled the time for taking an appeal the court should have the power to do substantial justice in each case by granting a new trial on a ground not stated in the motion. The 10 day limit of Rule 59(d) on the granting of a new trial on the court's own motion is designed to prevent the trial court from destroying the finality of a judgment after the limitation period has run. However, once finality has been suspended, there is nothing in the policy underlying Rule 59(d) to prevent the trial court from exercising its discretion to grant the motion on grounds which it deems just."

■ The rule, as announced by the majority opinion in the cited cases, applies a strict and rigid interpretation to Rule 59 which is inconsistent with the well accepted purposes of the Federal Rules of Civil Procedure. As stated by the United States Supreme Court in Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941):

"Rules of practice and procedure are devised to promote the ends of justice, not to defeat them. A rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged would be out of harmony with this policy. Orderly rules of procedure do not require sacrifice of the rules of fundamental justice."

It does no violence to Rule 59 to interpret it as Judge Edgerton and Judge

Burger did in the dissenting opinions above quoted, and as this Court does here. On the contrary, such an interpretation in the present case is an absolute necessity if substantial justice is to be done. It is a logical and sensible interpretation and tends to preserve the simplicity and flexibility for which the Federal Rules of Civil Procedure are noted. Such an interpretation makes it possible for the Court to do substantial justice in a case where the finality of the judgment has been interrupted by a motion timely made by one of the parties, but where the Court has been unable, in the brief span of ten days following entry of judgment, to hear arguments, receive briefs, and pass upon the various issues involved.

Apparently, in order to correct what it believes to be an improper interpretation of Rule 59 by the majority rulings in the cited cases, the Advisory Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, in its report of March 31, 1964, proposes to amend Rule 59(b) to read:

> "A motion for new trial shall be served not later than 10 days after the entry of judgment. After the motion has been thus timely served, the court in its discretion may (1) upon application and notice while the motion is pending permit the moving party to amend the motion to state a different or additional grounds; (2) grant the pending motion upon grounds not stated by the moving party and in that case the court shall specify the grounds for its order."

In explaining the reason for the proposed change, the Advisory Committee states:

> "A party who has secured a judgment is entitled to know within a definite period of time whether his opponent is attacking the judgment by a motion for a new trial which suspends the finality of the judg-

ment and correspondingly extends the time to take an appeal. * * * It has been held that this period cannot be enlarged even by stipulation of the parties or court order * *.
"The decisions have gone further. By narrow interpretation of Rule 59(b) and (d), it has been held * * * despite the fact that an effective motion for new trial has been made, the trial court is without power to grant it by an order made after 10 days based upon a ground not stated by the moving party but perceived and relied on by the trial court *sua sponte.* (Citing cases)
"The * * * propositions just set out produce undesirable results. Once an effective new trial motion has been made, and the finality of judgment for purposes of appeal has thereby been suspended, there is no reason for foreclosing amendment of the motion when this would be justified according to the usual standards for permitting amendments, nor is there reason for barring a decision of the motion on grounds thought meritorious by the court although not advanced by the moving party."

See: 34 F.R.D. pp. 404–406.

 . The change in the wording of Rule 59(b) proposed by the Advisory Committee is not really an amendment to the rule at all. It is merely a clarification of the existing rule. No amendment is necessary to justify the interpretation placed upon the rule in the dissenting opinions in the Jackson and Freid cases. This Court would, of course, be bound by a prior pronouncement of the Fifth Circuit Court of Appeals concerning the interpretation of Rule 59, had such a pronouncement been made. But it is not bound to follow the pronouncement of the Court of Appeals of other circuits when it feels that such pronouncements are clearly erroneous. Moore's Federal Practice, ¶ 0.402[1], p. 4059 (2d Ed., 1953); Sokol Bros. Furniture Co. v. Commissioner of Internal Revenue, 185

F.2d 222 (C.A.5th 1950); Swiderski v. Moodenbaugh, 45 F.Supp. 790 (D.C.Ore. 1942); In re Billings, 170 F.Supp. 253, (D.C.Mo., 1959). While the question of the interpretation of Rule 59 was somewhat involved in the case of Citizens National Bank of Lubbock v. Speer, 220 F. 2d 889, a Fifth Circuit Court of Appeals case, still the decision in that case did not require the Court to directly pass upon the issue here involved. This Court is unable to find any other pronouncement concerning the interpretation of Rule 59 by the Fifth Circuit Court of Appeals. It is the opinion of this Court that Rule 59 should be so interpreted and applied as to allow the Court to do substantial justice in each case. To hold now that the Court cannot order a remittitur in a case where it feels that the judgment awarded is grossly excessive, even though the finality of the judgment had been timely suspended by motion of the respondent, based upon other stated grounds, would simply not accord with the Court's concept of "substantial justice." Plaintiff was put on notice that the finality of the judgment had been suspended by respondent's motion filed within ten days following the entry of judgment. The Court's order granting a new trial unless a remittitur was filed by plaintiff was entered twenty-three days after entry of judgment, which was the earliest date on which arguments on respondent's motion could be heard. No prejudice to either party has been shown, nor even suggested, because of the time elapsing between the entry of judgment and the issuance of the order of remittitur. Therefore, in accordance with what is considered by this Court to be a proper and logical interpretation of Rule 59, and in order to preserve and promote the very purpose of the Federal Rules of Civil Procedure, i. e., "to promote the ends of justice, not to defeat them," and in accordance with the liberal interpretation generally placed upon the rules by the Court of Appeals of this Circuit, plaintiff's motion to vacate the Court's previous order of remittitur and alternatively to reconsider the remittitur as to amount must be denied. An order will be entered herein accordingly.