Charles AMDUR, Isadore Amdur, Jack Amdur,

v.

Rawson G. LIZARS, Malcolm Meyer, Donald N. Clausen, Ike S. Kampmann, Jr., John R. Johnston, Certain-teed Products Corporation, a body corporate.

Civ. A. No. 14563.

United States District Court
D. Maryland.

Dec. 2, 1965.

Paul Berman, Baltimore, Md., for plaintiffs, Louis C. Fieland, New York City and Irving Morris, Cohen, Morris & Rosenthal, Wilmington, Del., of counsel.

William L. Marbury, Decatur H. Miller and John C. Cooper, III, Piper & Marbury, Baltimore, Md., for defendants Lizars, Meyer, Clausen, Kampmann, Jr. and Johnston.

Frank A. Kaufman and Lawrence F. Rodowsky, Frank, Bernstein, Conaway, Gump & Kaufman, Baltimore, Md., for defendant Certain-teed Products Corp.

WATKINS, District Judge.

The points raised by the numerous motions filed herein, involving questions under the Maryland laws relating to corporations; the substantive and procedural provisions relating to stockholders' derivative actions; and the provisions of the Securities Act of 1933 (15 U.S.C. § 77a et seq.) and of the Securities Exchange Act of 1934 (15 U.S.C. § 78a et seq.) will (hopefully) be better understood by a rather detailed recital of the procedural steps taken by some of the parties hereto in a companion case in the Circuit Court of Baltimore, antedating and following the filing of the instant suit herein, and of the proceedings in this court.

On May 23, 1962 the plaintiffs herein, Charles Amdur, Isadore Amdur and Jack Amdur, filed suit in the Circuit Court of Baltimore City against Certain-teed Products Corporation (the "Corporation") and eight of its directors, two of whom were officers. The case was a derivative suit brought on behalf of the corporate defendant and all of its stockholders situated similarly to plaintiffs, challenging the validity of certain stock options and other benefits which had been granted to officers and key employees of the Corporation under incentive plans adopted by the Board of Directors in 1957 and 1960. Specifically, the complaint challenged the validity of options granted in November, 1960 to a member of the Board of Directors, Rawson G. Lizars; to the President, Malcolm Meyer; and to the Vice-President, Treasurer and Comptroller, John R. Johnston. The complaint alleged that the grants of these options were illegal and constituted a fraud upon the stockholders of the Corporation and prayed for an accounting by the individual defendants of the proceeds allegedly realized in the exercise of the options and the losses allegedly suffered by the Corporation as a result thereof, and restitution to the Corporation.

Process was served upon the Corporation, Lizars, Meyer and Johnston and answers to the complaint were filed by them.

Thereafter the corporate defendant moved under Rule 328(b) of the Maryland Rules for the posting of security for costs, and after discovery and a hearing thereon, the motion was granted. The plaintiffs declined to accept the alternative requirements of the Circuit Court of

Baltimore City either to post $25,000 or to deposit their stock in the corporate defendant as security, and instead instituted this action.

Jurisdiction of this court was alleged to be based upon diversity of citizenship and (presumably) for that reason three of the defendants (citizens and residents of the State of New York) in the state court proceeding were not made defendants in this case. Otherwise, the complaint was substantially identical with the declaration in the state court proceeding.[1] Of the three defendants against whom relief was specifically sought, process was served on only two. The served defendants and the Corporation moved for a stay pending the completion of the state court proceedings, and the plaintiffs then moved in the Circuit Court of Baltimore City for a dismissal of that action. The defendants opposed such a dismissal, and after a hearing, Judge Joseph L. Carter of the Supreme Bench of Baltimore, invoking Maryland Rule 209(d), refused to allow the dismissal on the ground that the defendants had acquired a substantial right to the posting of security.

The case then came on for hearing before this court on the defendants' motion to stay. At that hearing this court indicated that on the record as it then stood, it would be disposed to grant the stay requested by the served and moving defendants, but granted plaintiffs leave to amend the complaint in order to attempt to develop additional grounds bearing on the motion to stay. Counsel for the plaintiffs stated to the court that it was their intention to show by such an amendment that the action of the stockholders in ratifying the options had been influenced by statements issued in violation of the Securities Exchange Act of 1934.[2]

The plaintiffs then filed an amendment to the complaint the sole purpose of which was to add a separate count based upon alleged violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 of the Securities and Exchange Commission. This count did not purport to state a derivative action, but instead purported to be brought by the plaintiffs on their own behalf, and as representatives of all other stockholders similarly situated, to require "the individual defendants to respond in damages [sic] to the plaintiffs and all other members and former members who are similarly situated resulting from any of the matters herein alleged in the Fourth Count of this complaint." These damages were alleged to be the result of the purchase and/or retention of shares of the Corporation's stock in reliance upon quarterly reports of the Corporation for the years 1961 and 1962 and an annual report for the year 1961 which allegedly overstated the Corporation's income. Shortly after the filing of the amended complaint process was served upon three

---

1. Counts II and III are expressly described as derivative rights of action. Count I purports to be asserted by plaintiffs "individually and as representatives of all the stockholders of the corporation similarly situated." Waller v. Waller, 1946, 187 Md. 185, 189–190, 49 A. 2d 449 expressly holds that an action to recover damages for injury to a corporation can be brought only in the name of the corporation and not by individual stockholders, although the alleged injury may result in diminishing or destroying the value of the stock.

2. The only reference thereto in the original complaint in this court appears as the last sentence of introductory paragraph 12 thereof:

"The aforesaid publicity releases and accounting practices were made and adopted in violation of Section 10–b of the Securities Exchange Act of 1934 and Rule 10(b)–5 of the Securities and Exchange Commission."

Plaintiffs' counsel seek to explain this cursory reference by stating that the "erroneous" nature of these releases and practices had been discovered only upon the issuance about March 15, 1963 of the 1962 Annual Report of the Corporation.

The original complaint herein was filed April 10, 1963.

more of the defendants, Donald H. Clausen, Ike S. Kampmann, Jr. and John R. Johnston. Service was made outside the District of Maryland purportedly pursuant to the provisions of Section 27 of the Securities Exchange Act of 1934.

The corporate defendant moved to stay counts one through three of the amended complaint. Lizars and Meyer moved to strike the amendment to the complaint and renewed their motion to stay the proceedings in this court as to the first three counts. The three defendants served extraterritorially moved to strike the amendment to the complaint, to dismiss the first three counts for lack of jurisdiction over their persons and to quash service of process upon them as to the first three counts. A second hearing was held and deficiencies in the amended complaint were pointed out, whereupon the plaintiffs sought and were granted leave to amend the complaint a second time.

The "Third Amended Complaint" [3] was filed on June 17, 1964, together with a motion to add additional parties defendant as to the Fourth Count therein. The corporate defendant renewed its motion to stay the only counts pending against it, Counts I, II and III. Defendants Lizars and Meyer moved to strike the amendments filed by plaintiffs and renewed their motion to stay counts one through three. The three defendants

served extraterritorially moved to strike the amendments to the complaint and renewed their motion to dismiss the first three counts for lack of jurisdiction over their persons and to quash service of process upon them as to those counts. In addition, all five individual defendants moved to dismiss the Fourth Count under Rule 12(b) (6) of the Federal Rules of Civil Procedure—failure to state a claim upon which relief can be granted.

Thereafter the defendants Lizars, Meyers, Clausen, Kampmann, Jr. and Johnston filed a motion, purportedly under Sections 9(e) and 18(a) of the Securities Exchange Act of 1934, 15 U.S.C. Sections 78i(e) and 78r(a), to require an undertaking from the plaintiffs Charles Amdur and Isadore Amdur [4] "for the costs properly attributable to the Fourth Count of the Third Amended Complaint herein, including reasonable attorneys' fees * * *." These defendants among the grounds in support of their motion allege that the potential loss to the Fourth Count plaintiffs is under $2500; that these plaintiffs dealt actively in stock of the Corporation after the institution of the State court suit and this suit; that no additional person has sought to intervene as an additional party plaintiff; and that the expenses, including counsel fees, of defending this suit will be substantial.

Implicit in this motion, and explicit in the memorandum in support of this mo-

---

3. "Third Amended Complaint" is the designation used by plaintiffs. Actually, there was the original complaint, an amendment to add the Fourth Count; a second amendment involving the Fourth Count; and then the "Third Amended Complaint."

Counts I, II and III of the Third Amended Complaint are substantially verbatim the similar counts in the original complaint, except for one rearrangement of material and the captioning of each count as being "against defendants Lizars, Meyer, Clausen, Kampmann, Jr., Johnston and Certain-teed Products Corporation" (thus preserving diversity of citizenship).

Count IV is entitled:
"As and for a fourth count by the plaintiffs Isadore Amdur and Charles Amdur against defendants Lizars, Meyer, Clausen, Kampmann, Jr., Johnston, Baird, Hettinger, Jr., Diefenbach, 'John Doe', as executor or administrator of the estate of Thomas F. Brown, deceased and 'Richard Roe', as executor or administrator of the estate of Manuel F. Harris, deceased"
This adds as defendants the New York residents (or their personal representatives) sued in the Maryland state court case.

4. Plaintiff Jack Amdur is not a plaintiff with respect to the Fourth Count of the "Third Amended Complaint."

tion, is the contention that although the Fourth Count recites that it is founded upon Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b–5 thereunder, no private cause of action (as distinguished from an action by the Securities and Exchange Commission to prevent a public wrong) can be brought under this Section or Rule "since Congress enacted Sections 9(a)(4) and 18(a) to govern the types of market manipulation and publication of untrue statements alleged in the complaint."

The answer of the plaintiffs [5] asserts that the plaintiffs ever since the institution of this suit have been the owners of not less than 1,875 shares of the stock of the Corporation; that on information and belief at all times since the institution of this action these shares have "had a market value in excess of $25,000, and that pursuant to Rule 328(b) [4] of the Maryland Rules of Procedure, the aforesaid defendants are not entitled to security for costs." [6]

The answer further points out that the Fourth Count of the Third Amended Complaint alleges violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 thereunder, "jurisdiction of which violations rests exclusively in the Federal Courts pursuant to the provisions of 15 U.S.C. Section 78aa. The said Section and Rule do not authorize security for costs." The answer also asserts that the moving defendants have failed to assert that they have a meritorious defense; and further alleges that the motion is premature since it has been made prior to the service of answers on behalf of the movant defendants, before which an evaluation of reasonable expenses cannot be made.

The matters currently pending, therefore, are motions for:

1. A stay of Counts I, II and III.

2. A striking of the amendments filed by the plaintiffs to add the Fourth Count to the complaint.

3. A dismissal of the Fourth Count for failure to state a claim upon which relief can be granted.

4. A dismissal of Counts I, II and III as to defendants Clausen, Kampmann, Jr. and Johnston, and a quashing of service of process as to these defendants on these counts.

5. Security for costs from two of the plaintiffs as to the Fourth Count of the "Third Amended Complaint."

The partially overlapping nature of the applicable principles makes a completely separate treatment of these matters impractical. However, insofar as possible, they will be considered in the order indicated.

██ Were the only question that of staying Counts I–III until the Maryland courts had acted[7] this court would do so without hesitation. Judge Learned Hand's opinion in Mottolese v. Kaufman, 2 Cir. 1949, 176 F.2d 301 is completely persuasive, and indeed the facts in the instant case are even stronger for a stay than those in Mottolese. Here:

a. The state court first acquired jurisdiction, at the instance of the plaintiffs. The construction of Maryland law as applied to a Maryland corporation is involved. The decision therein of a nisi prius Maryland court would be persuasive as to the law to be applied by this

---

5. Including Jack Amdur, despite the fact that he is not a plaintiff as to the Fourth Count, and no security is sought of him as to said Fourth Count.

6. No motion for security for costs under Maryland Rule 328(b) is currently pending in this court nor would such a motion be appropriate at the present stage of the pleadings.

7. Such stay would in effect eliminate any further proceedings thereon, as counsel for plaintiffs have frankly stated that plaintiffs have no intention of posting security, as required by the Circuit Court of Baltimore City.

court; and a decision by the Maryland Court of Appeals would be controlling on this court in a diversity case such as this, and of course would be controlling in all Maryland courts. On the other hand, a decision by this court or even by the United States Court of Appeals for the Fourth Circuit, on Maryland corporate law, would not be controlling in the Maryland State Courts.

b. Interference with the "internal affairs" of a Maryland corporation is involved. North State Copper & Gold Mining Co. v. Field, 1885, 64 Md. 151, 154–155, 20 A. 1039; Williamson v. Missouri-Kansas Pipe Line Co., 7 Cir. 1932, 56 F.2d 503.

c. The instant suit was clearly an express effort by plaintiffs to avoid the security for costs decree of the Circuit Court of Baltimore City. This is not an appealing approach against a determination by this court that the proceedings herein should be stayed, clearly a matter of discretion. Mottolese v. Kaufman, supra; International Nickel Co. v. Martin J. Barry, Inc., 4 Cir. 1953, 204 F.2d 583; Reiter v. Universal Marion Corporation, D.D.C.1959, 173 F.Supp. 13, appeal dismissed as moot, 1960, 107 U.S. App.D.C. 6, 273 F.2d 820; see also Landis v. North American Co., 1936, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153.

There is no showing that anything in Counts I–III raises any question involving a federal right. However, the Fourth Count of the Third Amended Complaint does state facts sufficient to sustain federal jurisdiction,[8] and exclusive federal jurisdiction of that count, on a motion to dismiss. It is further admitted by defendants that *as to said Fourth Count*, the "long arm" provisions of Section 27 of the Securities Exchange Act of 1934 (15 U.S.C. 78aa) may be in-

voked. The defendants however urge that such service is effective only as to the Fourth Count, and cannot be used to make any of the defendants amenable to Counts I–III, non-federal in nature; and that a fortiori defendants whose presence would destroy diversity of citizenship as to Counts I–III (upon which diversity said counts were and are exclusively based) cannot be brought in to answer Counts I–III.

Logically, the position of those defendants who are citizens of the State of New York, of which the plaintiffs are also citizens, would seem to be unanswerably correct. These counts now specifically allege that plaintiffs are residents and citizens of the State of New York, and that the defendants are citizens of states other than New York; and that jurisdiction is based upon "diversity of citizenship and amount." If the New York defendants were brought in, these diversity allegations would on the face of the pleadings be untrue, and the court would clearly have no diversity jurisdiction. But, plaintiffs argue, having brought the New York defendants in on a federal cause of action, such defendants can now be held liable on any other cause of action such as Counts I–III that might exist between plaintiffs and such defendants.

This is not a case in which any non-federal question was pending against the New York defendants; they had expressly been excluded from this case (but included in the State Court case) because their inclusion would have destroyed jurisdiction herein as to all defendants on Counts I–III. This court doubts that by jockeying, a diversity, non-federal suit may be brought against proper parties, expressly excluding defendants of the same residence as plaintiffs; then a fed-

---

8. Defendants somewhat half-heartedly originally urged that the Fourth Count did not state on its face a claim cognizable in this court. On argument they frankly admitted that the claim in that count could be maintained (if proved) under sec-

tion 9 and/or 18 of the Securities Exchange Act of 1934; but urged that even on the face of the complaint, no action on the Fourth Count can be maintained under Section 10(b) (Rule 10b–5).

eral question be added by amendment; and then these defendants, citizens of the same state as plaintiffs, be further added by amendment to Counts I–III. Such amendment would require a further amendment to Counts I–III, striking out the allegation that "[j]urisdiction is founded upon diversity of citizenship and amount." [9]

To this court it is clear that the New York defendants cannot, through alleged liability under Count IV, be made to respond to Counts I–III simply as incidents of Count IV. Whether they can be brought in to answer Counts I–III in the Maryland action (or in this action, if this court does not stay proceedings thereon) under the newly enacted provisions of the Maryland Code of Public General Laws, Article 75, section 96(a) (1) [1964] raises interesting constitutional questions not necessary for decision herein; and, involving the interpretation of Maryland law, preferably to be decided in the first instance by Maryland courts.

Further, it should be noted that the causes of action sought to be asserted in Counts I–III, and Count IV, are distinctly different in theory. There is no "single cause of action"; there would be no "substantial overlapping of proof"; and there is no "substantial identity of facts." Hurn v. Oursler, 1933, 289 U.S. 238, 246; 53 S.Ct. 586, 77 L.Ed. 1148; Rumbaugh v. Winifrede Railroad Company, 4 Cir. 1964, 331 F.2d 530, 539, cert. den. 1964, 379 U.S. 929, 85 S.Ct. 322, 13 L.Ed.2d 341; Notes: 63 Colum. L.Rev. 762, 763 (1963); 62 Colum.L.Rev. 1018, 1026–1030 (1962); 71 Harv.L.Rev. 513 (1958). [10] Theoretically, and practically, it would be perfectly possible for plaintiffs to recover on Count IV, without reference to, or even while losing on, Counts I–III. Similarly, the outcome of the suit on Counts I–III would, in all probability, [11] be completely independent of, and without reference to, any of the facts involved in Count IV.

The plaintiffs argue that this court has original jurisdiction over all four counts (Counts I–III, through diversity of citizenship; Count IV, as a cause of action arising under a Federal statute); and that therefore the doctrine of pendent jurisdiction is inapplicable. However, the plaintiffs would be required to amend Counts I–III, to eliminate diversity, if residents of New York were joined in those counts. Jurisdiction with respect to Counts I–III would then be lost, unless they became pendent. Plaintiffs' position is unappealing, either as a matter of logic, or on the facts. As heretofore stated, this court is of the

9. In this case, the amount claimed would still be within the jurisdictional requirements of a diversity suit; but the broad theory of plaintiffs would permit the reduction of the ad damnum below $10,-000 in an action which began as a diversity suit.

10. The three counts of the original complaint proceeded on the theory that the granting of stock options and fringe benefits without adequate consideration, damaged the Corporation and incidentally the plaintiffs as to the stock they *then* held. The Fourth Count alleges that during the period when the "published information" —consisting of three quarterly reports for the year 1961, the Annual Report for the year 1961, and three quarterly reports for the year 1962—was being circulated, *two* of the plaintiffs, "Isadore Amdur and Charles Amdur and other persons similarly situated, in reliance upon the said 'published information', did purchase common stock of the Corporation at such inflated market prices to their loss and damage." (Paragraphs 28, 34.)

11. Conceivably scienter, or tendency toward fraudulent acts, as allegedly indicated in Counts I–III might be sought to be offered in support of Count IV, either affirmatively, or by way of rebuttal; and possibly the alleged derelictions of duty alleged in Count IV might be sought to be offered in connection with Counts I–III, to show similar states of mind, or how defendants sought to realize upon the options. At the moment, these seem rather tenuous possibilities from an evidentiary standpoint.

opinion that the subject matter of Counts I–III, and of Count IV, do not constitute a single cause of action. Even if they did, this would constitute pendent jurisdiction over the cause of action only, and this court would not be prepared to take the next long step (or jump) necessary to extend this to pendent jurisdiction over the person. See International Ladies Garment Workers Union v. Shields & Co., S.D.N.Y.1962, 209 F.Supp. 145; Lasch v. Antkies, E.D.Pa.1958, 161 F.Supp. 851; Wilensky v. Standard Beryllium Corporation, D.Mass.1964, 228 F.Supp. 703, and the observations of Circuit Judge Moore, in his concurrence in Schwartz v. Eaton, 2 Cir. 1959, 264 F.2d 195 at 198–199.

Since defendants concede that Count IV states a cause of action under section 9 and/or 18 of the Securities Exchange Act of 1934, and plaintiffs contend that a cause of action is stated under Section 10(b) thereof, through Rule 10b–5 of the Commission, it is clear that the Fourth Count cannot be dismissed on the pleadings for failure to state a claim upon which relief can be granted. If the Fourth Count can be maintained under Section 10(b) of the Act through Rule 10b–5 of the Commission, there is a serious question whether plaintiffs Charles Amdur and Isadore Amdur can be required to post security [12] as to said Fourth Count.

Until answers have been filed, and perhaps discovery has taken place, it cannot, however, be determined simply on the pleadings whether or not the plaintiffs Charles Amdur and Isadore Amdur can make out a case under the Securities Exchange Act of 1934, and if so under what section or sections, and whether or not security can be required as to the Fourth Count.[13]

Therefore the court at this time holds that:

1. Counts I, II and III are hereby stayed so long as plaintiffs' suit in the Circuit Court of Baltimore City remains outstanding and undecided.

2. The motions to strike amendments to the Complaint are hereby denied.

3. The motions for dismissal of the Fourth Count in the Third Amended Complaint herein are hereby denied without prejudice.

4. The motion for dismissal of Counts I, II and III in the Third Amended

---

12. Except the nominal security required of non-resident plaintiffs under Rule 5 of this count, which does not encompass ordinary costs of defense or counsel fees.

While all the reported cases with which this court is familiar hold that in a private action (as to which see footnote 13) under Section 10(b) no security is required, this court is not prepared to follow them without independent consideration. The approach seems to be that as no reference is made to security in 10(b) (while it is in other sections), none is required. Section 10(b) is also silent as to limitations, provisions as to which appear in other sections, but the cases have read in the forum or lex loci delictu limitation provisions. Why should not the state security for costs provisions (e. g. Rule 328(a) and, where appropriate, Rule 328(b) of the Maryland Rules of Procedure) likewise be read in? See Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct.

1221, 93 L.Ed. 1528; cf. McClure v. Borne Chemical Company, 3 Cir. 1961, 292 F.2d 824, cert. den. 1961, 368 U.S. 939, 82 S.Ct. 382, 7 L.Ed.2d 339.

13. The court is therefore not required at this time to determine whether or not purchasers of securities can have recourse to Section 10(b) of the Securities Exchange Act of 1934 and to Rule 10b–5 promulgated thereunder. Despite the dictum in Fischman v. Raytheon Manufacturing Company, 2 Cir. 1951, 188 F.2d 783, 787 and the holding in Ellis v. Carter, 9 Cir. 1961, 291 F.2d 270, this court is not prepared at this time to hold the express remedies, such as those provided in Section 9(a) and Section 18 of the Act, made available by the Securities Exchange Act of 1934 to persons injured through the purchase of stock in a manipulated market, can be ignored or by-passed in favor of an implied remedy derived from a rule passed by the Commission under the same Act.

Complaint as to defendants Clausen, Kampmann, Jr. and Johnston is hereby denied, but the service of process with respect to these three counts and said defendants Clausen, Kampmann, Jr. and Johnston, purportedly under U.S.C. Title 15, Section 78aa is hereby quashed.

5. The motion for security for costs from plaintiffs Charles and Isadore Amdur with respect to Count IV of the Third Amended Complaint is hereby denied, without prejudice.

