Charles AMDUR, Isadore Amdur, and Jack Amdur, Appellants,

v.

Rawson G. LIZARS, Malcolm Meyer, Certain-Teed Products Corporation, Appellees.

No. 10578.

United States Court of Appeals Fourth Circuit.

Argued Nov. 3, 1966.

Decided Jan. 10, 1967.

Louis C. Fieland, New York City, (Paul Berman, Baltimore, Md., on brief), for appellants.

William L. Marbury and Lawrence F. Rodowsky, Baltimore, Md., (Decatur H. Miller, Baltimore, Md., and Frank A. Kaufman, Pikesville, Md., on brief), for appellees.

Before SOBELOFF, BOREMAN and J. SPENCER BELL, Circuit Judges.

SOBELOFF, Circuit Judge:

Under review in this appeal is an order of the District Court staying certain proceedings in the plaintiff-stockholders' derivative action against a corporation and certain of its officers and directors, so long as a similar action brought earlier in a state court by the same plaintiffs remains "outstanding and undecided." In the circumstances of the case, which will be detailed below, we conclude that the order staying further proceedings in the District Court did not constitute an abuse of discretion.

This litgation, which has been protracted over four and a half years, was initiated by the plaintiffs in the Circuit Court of Baltimore City against Certain-Teed, a Maryland corporation, and eight of its officers and directors, challenging the validity of certain stock options and other benefits granted to some of the corporate officers by the Board of Directors. On June 20, 1962, the defendants petitioned under Rule 328b of the Maryland Rules of Procedure for security for expenses. This Rule provides that in a stockholder's derivative suit where the plaintiff holds less than 5% of the outstanding shares of the corporation's stock (unless those shares have a market value in excess of $25,000.00),

the corporation *shall be entitled* at any time before final judgment to require the plaintiff to give security for the reasonable expenses, excluding attorney's fees, which may be incurred by

it in connection with such action * * *. (Emphasis added.)

When the action was instituted in the state court, plaintiffs were the owners of 875 shares of Certain-Teed stock, valued in excess of $25,000.00. Discovery proceedings disclosed, however, that on June 15th, some three weeks after the suit was instituted, plaintiffs had disposed of 400 of their shares, reducing their combined holdings to a total of 475 shares, valued at substantially less than the $25,000.00 required by Rule 328b. Discovery further revealed that a few days after the hearing, held on August 6, 1962 on the petition for security, plaintiffs purchased an additional 1,000 shares. Another hearing was then held, and the state judge, concluding that in this case, in order to prevent frustration of the policy embodied in Rule 328b, the number of shares owned by the plaintiffs as of the date of the application for security should be determinative. Thus he held the defendants entitled to security. The judge further determined that $25,000.00 was a "minimum," and therefore a "reasonable," amount "based on the nature and complexity of the case, as disclosed by the record to date." In an order dated April 1, 1963, the plaintiffs were directed to post security in that amount or, in lieu thereof, to deposit with the clerk of the court their 1,475 shares of Certain-Teed stock.

The order stayed further proceedings until the plaintiffs should furnish the required security. Plaintiffs, however, posted no security, nor did they appeal from the state court's order. Instead, on April 10, 1963, they instituted the present action in the federal court, omitting those defendants named in the state court proceedings who were citizens of New York (the state in which plaintiffs reside) so that diversity jurisdiction could be maintained. Thereupon, defendants moved to stay the federal proceedings because of the pendency of the state court action. Plaintiffs then returned to the state court to move the dismissal of their action there. That court, however, pursuant to Rule 209d of the Maryland Rules of Procedure— which provides that a class action cannot be dismissed "[e]xcept with the approval of the court"—denied plaintiffs' motion on the ground that substantial rights of the defendants would be affected by a dismissal. The Court noted that the defendants had already expended much time and money in the defense of the suit, and that the order directing the posting of security was "a valuable right" which had "accrued" to the defendants.[1]

The District Court conducted a hearing on defendants' motion to stay the federal proceedings. In the course of the hearing, plaintiffs were given leave to amend their complaint, whereupon they added a fourth and separate count alleging violations of the Securities Exchange Act. The court determined that the outcome of the suit on the first three counts "would, in all probability, be completely independent of, and without reference to, any of the facts involved in Count IV," and since the first three counts of the complaint were "substantially identical with the declaration of the state court proceedings," further proceedings on these counts (but not on the fourth count) would be stayed "so long as plaintiffs' suit in the Circuit Court of Baltimore City remains outstanding and undecided." 39 F.R.D. 29, 36 (D.Md.1965).

In this court the defendants have moved to dismiss the appeal on the ground that it is neither from a final order within the meaning of 28 U.S.C. § 1291 nor from an order granting or denying an interlocutory injunction under 28 U.S.C. § 1292. We agree with defendants that an order staying proceedings pending the termination of similar proceedings in another court is, in the usual case, not appealable, but is

---

1. The state judge expressed doubt that security could be demanded of the plaintiffs in the federal court because at the time the federal proceedings were instituted, the plaintiffs owned the requisite number of shares.

"merely an interlocutory order stating what the court purposes to do, which may be revoked or superseded at any time." International Nickel Co. v. Martin J. Barry, Inc., 204 F.2d 583, 585 (4th Cir. 1953). See also Leesona Corp. v. Cotwool Mfg. Corp., 308 F.2d 895 (4th Cir. 1962).[2] But we think the circumstances here are distinguishable in that the District Court's order amounts to a *dismissal* of the proceedings. Indeed, the District Court acknowledged that this was the practical effect of its order.[3] Thus the order would appear to be "final" and hence appealable.[4] See 6 MOORE, FEDERAL PRACTICE ¶ 54.12, at 114 (2d ed. 1953).

We turn to the merits of the challenged order. Appellants maintain that with exceptions not here pertinent, a district court is under a duty to hear and determine all cases properly brought before it. The District Court, however, relying on International Nickel v. Martin J. Barry, Inc., supra, and Mottolese v. Kaufman, 176 F.2d 301 (2d Cir. 1949), held that determining whether to stay the proceedings was a matter within its discretion. We agree.

In *International Nickel* we held that a federal district court has the discretion to stay proceedings on its docket pending the outcome of a similar suit instituted earlier in another court. Although in that instance the prior action was also in a federal court, we think the rationale of the decision, relying as it does on Justice Cardozo's oft-quoted words in Landis v. North American Co., 299 U.S. 248, 57 S. Ct. 163, 81 L.Ed. 153 (1936), is equally applicable where the prior proceedings are in the state court:

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

299 U.S. at 254–255, 57 S.Ct. at 166.[5]

The Second Circuit has repeatedly affirmed the discretionary character of a federal district court's power to stay diversity action during the pendency of *state* court proceedings. In Mottolese v.

---

2. Other circuits have also held that a stay order pending the decision of other proceedings between the parties is not an appealable order. See, e. g., Mottolese v. Preston, 172 F.2d 308 (2d Cir. 1949); Arny v. Philadelphia Transportation Co., 266 F.2d 869 (3rd Cir. 1959); Jackson Brewing Co. v. Clarke, 303 F.2d 844 (5th Cir. 1962). Contra, Jewell v. Davies, 192 F.2d 670 (6th Cir. 1951).

3. In deciding whether to stay Counts I through III, the Court commented in a footnote that

    Such stay would in effect eliminate any further proceedings thereon, as counsel for plaintiffs have frankly stated that plaintiffs have no intention of posting security, as required by the Circuit Court of Baltimore City. 39 F.R.D. 29, 33 n. 7 (D.Md.1965).

4. Plaintiffs advance an alternative contention, namely, that if appealability under § 1291 should be thought doubtful, the attempted appeal may be treated as an application for a writ of mandamus. Such

a writ would in some circumstances be allowable for abuse of discretion. Leesona Corp. v. Cotwool Mfg. Corp., supra; International Nickel Co. v. Martin J. Barry, Inc., supra. However, as we later show in the discussion of the case, there is no abuse of discretion here, and the alternative theory, even if legally available, would find no support in the facts.

5. See Jewell v. Davies, 192 F.2d 670 (6th Cir. 1951), involving the stay of an action concerning title to property pending the outcome of a suit then in the state court in which title to the same property was in issue:

    *The district court of course had jurisdiction over petitioner's case and it therefore had the power to make the stay order.* This is true because the power to make the order is incidental to the power of the court to control the disposition of the case on its docket. (Emphasis added.)
    192 F.2d at 672–673.

Kaufman, 176 F.2d 301 (2d Cir. 1949), the leading case in that circuit, the District Court stayed a shareholder's derivative suit because of a pending state court action founded on the same claims and against the same defendants, but brought by other shareholders. To support the District Court's discretionary power to issue a stay order, Judge Learned Hand relied on the cases of Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) and Koster v. (American) Lumbermen's Mutual Insurance Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947), in which the Supreme Court permitted the plea of forum non conveniens in federal actions based on diversity. The logical foundation of those decisions was the inconvenience of compelling a defendant to stand trial at a distant place. Judge Hand saw in this an analogy to the inconvenience of compelling a defendant to defend two actions involving the same claim. The *Mottolese* decision also rests on Landis v. North American Co., supra, relied on by our circuit in *International Nickel*. Judge Hand's opinion is thus grounded in concern with inconvenience to a defendant arising from a multiplicity of suits, as well as concern with promoting efficient judicial administration.

■ The present case being one of first impression in this Circuit as to the power of a federal court to stay proceedings when a similar case is pending in a state court, we find ourselves in accord with the rule espoused by the Second Circuit. Since we conclude that a stay order lies within the discretion of the District Court, there remains only the question whether in light of the existing circumstances, discretion was abused.

Like *Mottolese,* most of the recent Second Circuit cases holding that a district court may in its discretion issue stay orders have been stockholder suits. In all of them, attention was focused on the inconvenience, loss of time, and expense inflicted upon the corporate defendant, and the danger that its treasury may be depleted by litigation supposedly prosecuted for its benefit. Ferguson v. Tabah, 288 F.2d 665 (2d Cir. 1961); Weiss v. Doyle, 178 F.Supp. 566 (S.D.N.Y.1959). A stay order has often been conditioned on the prompt disposition of the pending state court proceedings. Cf. Nederlandse Erts-Tankersmaatschappij v. Isbrandtsen Co., 339 F.2d 440 (2d Cir. 1964).

Plaintiffs, however, take the position that here the case in the state court is pending "only in the sense that it is a docket entry," since they have asserted their intention not to post the required security. Thus, plaintiffs argue, inconvenience to a defendant in being forced to defend another action on the same claim, the feature that was stressed in *Mottolese* and subsequent cases, is not present in this case.

■ Although the present defendants are not being forced to defend duplicate suits, they are threatened with many of the same injuries. The state proceeding is appreciably more advanced than the one in the federal court, and much of the ground already covered in the state forum will of necessity be traversed again in the federal. See Note, Stays of Federal Proceedings in Deference to Concurrently Pending State Court Suits, 60 Colum.L.Rev. 684, 704 (1960). Numerous hearings have been held; documents have been assembled and produced by the corporate defendant upon the plaintiffs' motion; and an answer on the merits has been filed. Since the general theory underlying stay orders is the necessity of protecting the defendant from vexatious and uneconomical litigation, we conclude that the defendant is entitled to protection in the circumstances shown here.

■ Permitting plaintiffs to abandon the state suit without complying with the order for security and to prosecute a parallel action in the federal court would not only deprive defendants of the "valuable right" which has "accrued" to them, but would undercut the policy of the state embodied in its Rules. Maryland Rule 328b, requiring security in derivative

suits where the plaintiff shareholder owns less than 5% of the stock, and Rule 209d, forbidding dismissal of a class suit without court approval, both typify the methods adopted by many states to prevent the abuses of "strike suits." As the Supreme Court has held, the state-created right to reasonable security for expenses is a substantive right, "not merely a regulation of procedure." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 555, 69 S.Ct. 1221, 1230, 93 L.Ed. 1528 (1949).

In essence, appellants' complaint is that they are trapped by the convergence upon them of state and federal stay orders. But the answer is that they hold the key that can extricate them from their predicament. They are not entitled to the federal court's assistance in playing fast and loose with the state court, whose jurisdiction they have invoked and used extensively. If they elect not to press to a conclusion but to abandon the state proceedings and resume their effort in the federal forum, both reason and the state's statutorily-declared policy require the provision of reasonable indemnity to the adversary. Thus, while we find no abuse of discretion in the stay of the federal court proceedings, we suggest that should plaintiffs prefer to proceed in the federal forum, the District Court may lift the stay order upon the condition that the plaintiffs shall post a bond in that Court equal to the amount of security ordered to be posted in the state court.[6] Should appellants deem the amount of the bond that has been demanded of them in the state court to be excessive, they are not without remedy, for if they can show to the federal court's satisfaction that a lesser bond will protect the appellees, the court may terminate the stay upon the furnishing of a bond in a reasonable amount.

Subject to this reservation, the District Court's order is

Affirmed.

6. At oral argument, counsel for defendants stated that they would be satisfied with this disposition.